**SHOPMEN'S LOCAL 539 OF the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, AFL–CIO, Plaintiff-Appellant,**

v.

**MOSHER STEEL COMPANY, Defendant-Appellee.**

**No. 85–7703.**

United States Court of Appeals, Eleventh Circuit.

Aug. 14, 1986.

Rehearing and Rehearing En Banc Denied Sept. 18, 1986.

Cooper, Mitch & Crawford, Thomas N. Crawford, Jr., Frederick T. Kuykendall, III, Birmingham, Ala., for plaintiff-appellant.

John J. Coleman, Jr., Bradley, Arant, Rose & White, Birmingham, Ala., Richard F. Kane, Charlotte, N.C., for defendant-appellee.

Before TJOFLAT and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal from the grant of summary judgment by the trial court to the defendant, Mosher Steel Company, setting aside the award of an arbitrator in a dispute that went to arbitration under the collective bargaining agreement between the parties.

## I. STATEMENT OF THE FACTS

The Union and Mosher Steel were parties to a collective bargaining agreement which

governed various terms and conditions of employment of bargaining unit employees at the company. The bargaining agreement contained a garden variety arbitration provision and procedure which allowed the parties to submit differences or disputes to an impartial arbitrator for resolution. The agreement provided, *inter alia,* that once the decision of the arbitrator was made, it was to be "final and binding" upon the parties.

Alfred Brown, employed by Mosher Steel as a Burner, was a member of the bargaining unit represented by the Union. Between 1977 and February 8, 1984, Brown suffered at least 22 injuries on the job. In the early part of 1984, the company instituted a new program designed to increase plant safety, whereby the accident and injury records of employees who suffered on-the-job injuries were reviewed. Pursuant to that program, Brown's accident and lost time history was reviewed. Upon reconstructing Brown's record of 22 accidents and injuries during a time period of less than seven years, Mosher Steel's Director of Personnel, Peret Bodiford, concluded that Brown was accident-prone, and was a hazard to himself and his co-workers. Brown returned to work from his last injury on June 25, 1984, and was discharged by Bodiford on that date for the above reasons.

Section 18 of the Collective Bargaining Agreement between Mosher and the Union contains a three-step internal grievance procedure. The Union filed a grievance on behalf of Brown under that section, alleging that he had been discharged improperly and seeking his reinstatement. The parties timely proceeded through the three steps of the grievance procedure.

Section 18 further provides that following the decision of the company at step three of the grievance procedure, the aggrieved party may refer the matter to arbitration provided the request for arbitration is made within 20 days of the date upon which the decision was rendered. In this case, Mosher Steel rendered its step three decision on August 20, 1984. The Union,

however, did not request arbitration of the grievance until September 14, 1984, which was five days in excess of the 20-day limit. Following the request for arbitration, Mosher and the Union selected an arbitrator and referred the matter to arbitration. At no time prior to the hearing which was conducted on February 22, 1985 did Mosher indicate to the Union that it would contest the "arbitrability" of the grievance because of untimeliness of the notice. On the day the hearing began, Mosher raised its contention that Brown's grievance was not arbitrable because the Union's request for arbitration was untimely. The arbitrator heard oral argument on the "procedural challenge," took the matter under submission and allowed the parties to brief the question before making a decision.

On April 22, 1985, the arbitrator determined that the procedural challenge to the grievance was without merit and then proceeded to sustain the grievance by reinstating the grievant to his employment with the company, without back pay, but without loss of seniority. On the procedural issue, the arbitrator held:

It is my finding that the question of arbitrability raised by the company under the facts before me is not well taken. The basis for this finding is as follows:

There are two methods of challenging the arbitrability of a grievance. The first is a substantive challenge. The second is a procedural challenge. A substantive challenge to arbitrability is one where a grievance is not within the scope of the grievance and arbitration provisions of the collective bargaining agreement between the parties. Substantive challenges can be raised at any time during the arbitration process because the question raised is whether the arbitrator has the authority to hear the case at all. A procedural challenge where the matter grieved is within the scope of the collective bargaining agreement between the parties and the challenge is based on a violation of the terms of the contract. A procedural challenge must be made at the earliest possible time after the party

making the challenge knew or should have known that there was a basis for a challenge. If such party does not make his procedural challenge at that time, he waives it.[1]

In *Kimberly Clark Corp.*, 80 L.A. 945, arbitrator Weiss stated: "Contractual time limits on the processing of grievances may be waived by the parties either explicitly (by oral or written agreement) or constructively (by conduct). This is a procedural matter—not substantive—and does not go beyond the jurisdiction of the arbitrator. The latter, because it is jurisdictional, need not be raised until the arbitration hearing. The former, because it is not jurisdictional, must be raised at the earliest reasonable point in the grievance procedure or it is deemed waived.

The issue of arbitrability here is a procedural matter. Any violation of the 20–day limitation is clearly covered by the agreement between the parties and the disputed issue here is the timeliness of the grievance. It is not fair to the Union for it to have to defend an issue at the arbitration hearing which it was unaware of until the hearing began. The fact that in this case arbitrability would have been a valid defense does not override the duty of the company to raise the issue prior to the arbitration hearing.

Having determined that the position of the company regarding non-arbitrability of the grievance is not well taken. I will proceed to review the grievance on its merits.

The company then declined to abide by the arbitrator's award, and the Union filed the present action alleging that Mosher Steel breached its collective bargaining agreement with the Union by refusing to abide by the arbitrator's award. The company answered the Union's complaint and counterclaimed to have the award vacated or seeking in the alternative, a declaratory judgment that the award is unenforceable. Mosher based its counterclaim on the grounds that: the arbitrator's award exceeds the powers and authority granted to him by the collective bargaining agreement; the decision fails to draw its essence from the agreement; and, the decision arbitrarily and capriciously imposes upon the company obligations which are not contained in the agreement. The Union then moved for summary judgment on its claim for enforcement of the arbitration award. Mosher filed a cross-motion for summary judgment on the same bases set out in its counterclaim. The district court entered summary judgment in favor of Mosher Steel, declining to enforce the arbitration award.

## II. QUESTIONS PRESENTED

1. Whether the district court erred by substituting its judgment for that of the arbitrator concerning the procedural challenge to arbitrability in this case and refusing to enforce the subject award.

2. Whether the resolution of procedural challenges to the arbitrability of a substantively arbitable grievance arising under a collective bargaining agreement is for the arbitrator and not the court.

3. Whether the district court's opinion in this case conflicts with federal labor policy.

## III. DISCUSSION

In its memorandum decision denying the Union's request to enforce the arbitrator's finding, the court stated:

In his decision, the Arbitrator noted that the question of "arbitrability" was procedural—within his discretion to decide. He concluded the grievance was not procedurally barred since, as he stated: "It is not fair to the Union for it to have to defend an issue at the arbitration hearing which it was unaware of until the hearing began. The fact that in this case arbitrability would have been a valid

---

**1.** The sentence beginning with "A procedural challenge where" is not a complete sentence. It clearly means: "A procedural challenge is one in which the matter," etc.

defense does not override the duty on the company to raise that issue prior to the arbitration hearing." (Arbitrator's decision, p. 5). It is this conclusion and reasoning that the court find improper.

In making this decision the court recognizes that the question of whether a grievance is arbitrable is a procedural concern. As such, a decision on such matters is generally within the discretion of the Arbitrator and should be left undisturbed by a reviewing court. *See e.g., John Wiley and Sons v. Livingston,* 376 U.S. 543, 557–58, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); *Drummond Coal Co. v. UMWA,* 748 F.2d 1495 (11th Cir. 1984). In some cases, however, the facts compel a decision for one party, leaving no room in the Arbitrator's discretion to decide otherwise. Such is the case here. The Arbitrator's decision, even in a procedural matter, must be based upon some interpretation of the CBA. The Arbitrator's role is one of interpreter of the agreement; and, as such, he or she has a great latitude when giving meaning to various provisions. This role does not, however, permit rewriting the agreement and the decision must be hinged on some interpretation, at least tenuous, of the agreement's provisions. Moreover, the agreement in question specifically limits the authority of the Arbitrator to interpretations of the agreement's provisions. Section 19 states:

> The Arbitrator's decision shall be made as a result of the interpretation of the provisions of this agreement only, and he shall not add to, subtract from, or modify the terms of this agreement.

In the instant case, the Arbitrator concluded that the company should have forewarned the Union of its decision to contest "arbitrability" prior to the hearing. The Arbitrator's decision is not based on the agreement's provisions, and, in fact, overlooks language to the contrary. Section 18 further states:

> Failure of the Union to present a grievance or dispute within the time limits set forth in Steps 1, 2, or 3 of Subsection (c), above, will result in the grievance or dispute being considered meritless or resolved in accordance with the last decision rendered by the representative of the Company as provided for in Subsection (C) above....

Section 2 of the Union's recognition also states:

> The specific terms of this agreement shall be the sole source of any terms, other than by federal or state statute or regulation, that may be asserted by one party against the other, regardless of any past practices, previous agreements (whether written or unwritten) or any so-called general accepted principles of labor relations.

Again it should be noted that arbitration is permissible not when, but *"provided* such written request is made within twenty (20) days after the plant manager ... renders his decision."* (Section 18, emphasis added).

In light of the above, the Arbitrator's decision was undoubtedly based on principles outside the agreement. There is no provision in the agreement regarding notice of an intent to contest "arbitrability," and, without pre-hearing discovery procedures, there is no convenient time to give such notice. Had notice been given, the company would have still been required to process the grievance to arbitration. The court, therefore, concludes that the Arbitrator's decision requiring the company to object prior to the arbitration hearing was improper.

The appellee does not complain that the trial court erred in its determination that this issue was a procedural issue which is normally to be decided by the arbitrator. It relies upon the court's determination that, nevertheless, in making that decision the arbitrator erred and that the error resulted from the fact that the arbitrator's decision was not drawn from the "essence" of the contract.

We think that although the trial court cited *Drummond v. UMWA,* 748 F.2d 1495 (11th Cir.1984), the court's decision here is clearly in conflict with that decision.

In *Drummond,* Drummond filed suit to set aside an arbitrator's award in favor of a member of the defendant union. The basis for its contention that the award should be set aside was that the worker did not, grieve the company's action within five days of its occurrence, as was required under the contract. As stated by the Court in *Drummond:*

> At the time the employee was notified of his layoff, he was given a panel form which, under the terms of the collective bargaining agreement, he was required to fill out and submit to mine management within five days to preserve his right to be recalled. The employee did not attempt to return the form until 10 days after he was notified of the layoff, at which time he gave the completed form to his immediate foreman. The foreman signed the form, witnessed the date of its return for the company, arranged for it to be witnessed on behalf of the Union, and turned it over to the mine superintendent. The mine superintendent rejected the form because it was not submitted within the five day period.

The Court then stated:

> The arbitrator determined that the company had waived its contractual right to refuse to accept the form, even though the form had not been timely filed. The employee's foreman had accepted the form on behalf of the company and was apparently authorized to do so. The company, therefore, was bound by his actions and could not later revoke this acceptance. Noting "the deferential standard of review that must be utilized in considering the arbitrator's decision", *Drummond Coal Co. v. United Mine Workers,* N.D.Ala.1983, No. CV 83–P–0386–S, the district court upheld the arbitrable award.

> We agree with the district court's conclusion that the arbitrator did not fail to draw the essence of his award from the collective bargaining agreement. We also concur with the court's determina-

tion that the award was not repugnant to law or to public policy.

748 F.2d at 1496 (footnote omitted.)

It is difficult to think of a case that more nearly reflects the situation faced by the trial court here, when the record disclosed that the arbitrator had before him conduct of the company which the arbitrator considered amounted to a waiver of the right to complain that the notice was five days late in being submitted. Not only, did Mosher not raise the issue of the untimeliness of the notice when given, it affirmatively proceeded towards the arbitration, by naming an arbitrator and setting the date of the arbitration, thus clearly requiring the Union to prepare its evidence for the hearing before the arbitrator without any knowledge that Mosher would, at that time, raise the issue of untimeliness of the notice.

Whether or not the Court would agree with the arbitrator that these facts amounted to a waiver, it is not the function of the Court to second guess the arbitrator on matters that were within his power to decide. *Drummond, supra,* at 1497. The Court said further:

> Absent exceptional circumstances, an arbitrator's interpretation of the collective bargaining agreement is final and binding on the parties because it is the interpretation that is bargained for by the parties. *Id.* [*United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593] at 597, 80 S.Ct. [1358] at 1361 [4 L.Ed.2d 1424 (1960)]. Judicial review of an arbitrable award is, therefore, limited to a determination of whether the arbitrator in making the award, was functioning within his authority as a reader and interpreter of the collective bargaining agreement. The courts are not to engage in a review of the merits of the arbitrator's decision. The courts' substantive review of an arbitrable award is limited to a determination of "(1) whether the award is irrational ..., (2) whether the award draws its essence from the letter or purpose of the collective bargaining agreement ..., and (3) whether the arbitrator conformed to a specific contractual limitation upon his

authority...." *Loveless v. Eastern Air Lines, Inc.*, 11 Cir.1982, 681 F.2d 1272, 1276. This limited standard of review requires us to uphold an arbitrable award that is premised on the arbitrator's construction of the contract and his understanding of the intent of the parties, even if the reviewing court disagrees with the arbitrator's construction. *Loveless, id.*, at 1276; *Enterprise Wheel & Car*, 363 U.S. at 597, 80 S.Ct. at 1361. *Drummond*, at 1497 (footnote omitted.)

The Court in *Drummond* also stated: "We also concur with the [trial] court's determination that the award was not repugnant to law or to public policy." *Id.* We think, therefore, that with the similarity of issue presented here to that in *Drummond* and the decision of the trial court to which appellees do not except, that the issue before the arbitrator was a procedural issue, we conclude that the trial court's decision to set aside the arbitrator's factual finding of waiver was contrary to this Court's decision in the *Drummond* case which, we conclude, answered all of the issues raised on this appeal. The trial court erred in declining to enforce the arbitrator's award.

The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.