569 So.2d 855 (1990)
EXECUTIVE LIFE INSURANCE COMPANY, Appellant,
v.
John HAMMER & ASSOCIATES, INC., Appellee.
No. 90-01308.
District Court of Appeal of Florida, Second District.
November 7, 1990.
*856 Mark A. Hanley and Gregory A. Hearing of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
James S. Moody, Jr., of Trinkle, Redman, Moody, Swanson, P.A., Plant City, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Executive Life Insurance Company, challenges an order denying its motion to stay and to compel arbitration. We agree with the appellant's contention that the trial court erred in finding that the appellant's actions were inconsistent with its right to arbitrate and that it, therefore, waived arbitration. We, accordingly, reverse and remand.
The appellee, John Hammer & Associates, Inc., a Florida corporation, acted as an agent for the appellant, an insurance company domiciled in California. The contract entered into between the parties provided in part:
15. Arbitration. If any dispute or disagreement shall arise in connection with any interpretation of this agreement, its performance or nonperformance, or the figures and calculations used, the parties shall make every effort to meet and settle their disputes in good faith informally. If the parties cannot agree on a written settlement within ninety (90) days after it arises, or within a longer period agreed upon by the parties, then the matter in controversy shall be settled by arbitration, in accordance with the rules of the American Arbitration Association, and judgement (sic) upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction. The place of any arbitration shall be Los Angeles, California.
A dispute arose when the appellant requested repayment of certain commissions it had paid to the appellee in connection with several life insurance policies. The appellee refused to acknowledge that it had been overpaid and did not agree to settle the matter in response to the appellant's statements that it would start litigation or initiate legal action. The appellee, however, offered to meet with the appellant in the state of Florida. The appellant refused this request, and the appellee subsequently filed an action for declaratory relief asking the trial court to determine its rights under the contract. After the appellee declined to dismiss the action and proceed to arbitration, the appellant filed a motion to stay and to compel arbitration. The trial court found that the appellant's continued refusal to meet informally to attempt to resolve the dispute in good faith, together with statements as to its intention to litigate were inconsistent with its right to arbitrate and constituted a waiver. The appellant filed a timely notice of appeal from the court's order denying the appellant's motion to stay and to compel arbitration.
Although arbitration may be waived by actively participating in a lawsuit or taking action inconsistent with the right to arbitrate, see Prudential-Bache Securities, Inc. v. Pauler, 488 So.2d 894 (Fla. 2d DCA 1986), the appellant's statements concerning litigation did not constitute a waiver. The appellant did not actively participate in the litigation, and its statements did not constitute action inconsistent with the right to arbitrate. See Milton Schwartz & Assoc., Architects v. Magness Corp., 368 F. Supp. 749 (D.Del. 1974). Similar statements are often made as a ploy to forestall litigation. Milton Schwartz.
The arbitration clause in the contract provided that the parties "shall make every effort to meet and settle their disputes *857 in good faith informally." To the extent this provision can be interpreted to be a condition precedent, the condition was met. The record shows that, while they did not meet face to face, the appellant and the appellee communicated by letter and telephone in attempts to settle this matter.
Furthermore, if indeed this clause is a condition precedent, the issue of whether the condition was satisfied is a question for the arbitrator. See Contracting Northwest, Inc. v. City of Fredericksburg, 713 F.2d 382 (8th Cir.1983) (the failure to comply with conditions precedent constitutes a procedural objection and procedural prerequisites to arbitration are questions for the arbitrator). See also Siam Feather & Forest Prods., Inc. v. Midwest Feather, Inc., 503 F. Supp. 239 (S.D.Ohio 1980), aff'd, 663 F.2d 1073 (6th Cir.1981).
Accordingly, we reverse and remand for entry of an order granting the motion to stay and compelling arbitration.
SCHEB and DANAHY, JJ., concur.