600 So.2d 520 (1992)
CITY OF MOUNT DORA, Appellant,
v.
CENTRAL FLORIDA POLICE BENEVOLENT ASSOCIATION, INC., Appellee.
No. 91-1507.
District Court of Appeal of Florida, Fifth District.
June 12, 1992.
Leo P. Rock, Jr., Gray, Harris & Robinson, P.A., Orlando, for appellant.
Joan Stewart, Tallahassee, for appellee.
DAUKSCH, Judge.
Appellant, City of Mount Dora, timely appeals a final order denying its application to vacate an arbitration award and an order denying its motion for rehearing.
The facts show that appellant entered into a collective bargaining agreement with appellee, Central Florida Police Benevolent Association, Inc., which pertained to its police personnel. The agreement provides for arbitration of unresolved grievances. Appellant terminated the employment of police officer Gregory Treon following an internal investigation. On March 19, 1990 appellee sent appellant written notice of its intent to arbitrate stating: "We shall submit *521 a request to the F.M.C.S. for a list of arbitrators within the time limits set out in the Agreement." The notice indicated that a copy had been sent to Officer Treon and to the City Manager.
Article 29.1 of the arbitration agreement requires that the parties shall meet to select an arbitrator within seven working days of appellant's receipt of appellee's notice of arbitration. The agreement also provides that if they fail to agree upon an arbitrator, they shall, within seven working days, jointly request a list of seven qualified arbitrators from the Mediation and Conciliation Service. The person remaining after each party has struck three names from the list is the designated arbitrator. The parties in the present case didn't agree upon an arbitrator. Although article 28.5 of the grievance procedure requires strict compliance with the time limits set forth in the agreement, appellant argued below that appellee had failed to comply with the arbitration agreement by failing to submit its request for arbitrators until May 16, 1990, or forty-nine days following its notice of intent to arbitrate.
Appellant raised the procedural issue at the hearing but the arbitrator ruled against it reasoning, "While the letter of the Agreement may not have been followed due to the confusion at the time, certainly the spirit of the Agreement was followed." Because article 29.3 of the arbitration agreement specifically limits the arbitrator's authority to a determination and interpretation of the express terms of the agreement, appellant requested vacation of the arbitrator's award arguing to the trial court that the arbitrator in the present case exceeded his powers in violation of section 682.13(1)(c), Florida Statutes (1989).
Appellee argued in response that the parties agreed to waive steps one and two of the grievance procedure by not filing the grievance at step one and by failing to jointly request a list of seven qualified arbitrators within seven working days as they had done in prior arbitration cases. Appellee emphasized that appellant had not responded to its notice of intent to arbitrate nor had appellant contacted it regarding the joint request for arbitrators. Although appellee's president and counsel had both tried to contact appellant regarding the arbitration, appellant's officials, including its attorney and acting police chief, were not making arbitration decisions at the time. On May 16, 1990, however, the parties jointly submitted a request for a list of arbitrators.
The trial court denied appellant's motion to vacate the arbitrator's award finding that the parties' responsibility to submit a list of arbitrators was joint and that the arbitrator had not exceeded his powers by deciding the procedural issue. We agree with the trial court that the arbitrator in the present case did not exceed his powers by ruling upon the issue of procedural arbitrability. We rely upon John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). In that case the Supreme Court of the United States held that once it's determined that the parties to a dispute are obligated to submit the subject matter of the dispute to arbitration, procedural arbitrability or procedural issues which arise from the dispute and bear on its final disposition are to be resolved by the arbitrator.
In keeping with the primary purpose of an arbitration clause, the court said that procedural disagreements should be treated as aspects of the dispute which ignited the grievance procedure rather than as separate disputes. It reasoned that reservation of procedural questions for the courts would not only create the difficult task of separating related issues but would also result in frequent duplicated efforts. The court also found that separation of the substantive and procedural elements of a dispute could provide an opportunity for deliberate delay or the possibility of well-intentioned but no less serious delay and, that in some instances, the delay could entirely eliminate all prospects of a speedy arbitrated settlement of the dispute to the parties' disadvantage, both financial and otherwise.
Federal decisions rendered since the Supreme Court's decision in Wiley are in agreement. See Shopmen's Local 539 v. *522 Mosher Steel Co., 796 F.2d 1361 (11th Cir.1986) (whether employer's failure to raise issue of untimeliness of union's request for arbitration and affirmative act of proceeding toward arbitration by naming arbitrator and setting arbitration date issue for arbitrator); United Paperworkers Intern., Local # 395 v. ITT Rayonier, Inc., 752 F. Supp. 427 (M.D.Fla. 1990) (procedural issue of grievance's timeliness committed to arbitrator's expertise and discretion); Accord United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) (court's refusal to enforce arbitrator's interpretation of collective bargaining agreement limited to situation where contract violative of public policy).
There are two recent Florida decisions which further indirectly apply the principle set forth in Wiley. See Executive Life Ins. Co. v. John Hammer & Ass's, Inc., 569 So.2d 855 (Fla. 2d DCA 1990) (issue of whether condition precedent satisfied question for arbitrator); Federated Dept. Stores, Inc. v. Pavarini Const. Co., Inc., 425 So.2d 1212 (Fla. 4th DCA 1983) (court may decide question of whether arbitration has been waived unless one party contends waiver question should be answered by arbitrators  question must then be resolved by arbitrators). See also Public Health Trust of Dade County v. M.R. Harrison Const. Corp., 415 So.2d 756 (Fla. 3d DCA 1982), rev. den., 427 So.2d 737 (Fla. 1983) (whether arbitration demand is timely within meaning of contract provision matter for arbitrator); Held v. Trafford Realty Co., 414 So.2d 631 (Fla. 5th DCA 1982) (same).
Further, in Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla. 1989), the Florida Supreme Court, relying in part on its earlier decision in Johnson v. Wells, 72 Fla. 290, 73 So. 188 (Fla. 1916), emphasized the need for finality of arbitration awards as follows:
The reason for the high degree of conclusiveness which attaches to an award made by arbitrators is that the parties have by agreement substituted a tribunal of their own choosing for the one provided and established by law, to the end that the expense usually incurred by litigation may be avoided and the cause speedily and finally determined. To permit the dissatisfied party to set aside the award and invoke the judgment of the court upon the merits of the cause would be to render it merely a step in the settlement of the controversy, instead of a final determination of it.
These reasons, articulated by this Court over seventy years ago, remain relevant under today's arbitration legislation. As petitioner notes, the finality and enforceable nature of an arbitration award is a characteristic of arbitration that distinguishes it from other forms of alternative dispute resolution. To allow judicial review of the merits of an arbitration award for any reasons other than those stated in section 682.13(1) would undermine the purpose of settling disputes through arbitration. We find it incumbent to adhere to the long-standing principle of finality of arbitration awards in order to preserve the integrity of the arbitration process as a means of alternative dispute resolution.
Schnurmacher, 542 So.2d at 1328-1329. In view of the need for finality of arbitration awards and because we agree that the issue of procedural arbitrability is for the arbitrator rather than the courts, we affirm the trial court's denial of appellant's motion to vacate the arbitrator's award in the present case.
AFFIRMED.
GOSHORN, C.J., and COWART, J., concur.