604 So.2d 570 (1992)
SEABOARD SURETY COMPANY, Federal Insurance Company, and Danis Industries Corporation, d/b/a Danisshook, Appellants,
v.
Loretta CATES, d/b/a Sea Green Nursery, Appellee.
No. 92-1009.
District Court of Appeal of Florida, Third District.
September 8, 1992.
*571 Foley & Lardner, and Edmund T. Baxa, Jr., and John R. Hamilton, Orlando, for appellants.
Michael Halpern, Key West, for appellee.
Before HUBBART, NESBITT and GODERICH, JJ.
PER CURIAM.
Because (1) it was undisputed below that the defendant Danis Industries Corporation did not file a demand for arbitration within thirty (30) days following the date that the plaintiff Loretta Cates d/b/a Sea Green Nursery made an application for final payment under her contract with the defendant, and (2) such a demand within the thirty (30) day period was a precondition for arbitration of any claim made by the plaintiff against the defendant under paragraph 32(c) of the contract between the parties, we conclude that the trial court properly determined, as a matter of law, that the defendant had no right under the subject contract to arbitrate the claim filed below by the plaintiff against the defendant. Given the fact that, as a matter of law, no timely demand for arbitration was filed by the defendant under the subject contract, it is clear that there was no issue of fact for an arbitrator to determine as to the timeliness of the demand for arbitration, compare Public Health Trust v. M.R. Harrison Constr. Corp., 415 So.2d 756 (Fla. 3d DCA 1982), rev. denied, 427 So.2d 737 (Fla. 1983); Rinker Portland Cement Corp. v. Seidel, 414 So.2d 629 (Fla. 3d DCA 1982), and that it was proper for the trial court, rather than the arbitrator, to determine this issue. See Anstis Ornstein Assocs., Architects & Planners, Inc. v. Palm Beach County, 554 So.2d 18 (Fla. 4th DCA 1989). Accordingly, the non-final order denying the defendant's motion to stay the proceedings below and compel arbitration is, in all respects,
Affirmed.