784 So.2d 1260 (2001)
FLUOR ENTERPRISES, INC., etc., et al., Appellant,
v.
TRI-CITY ELECTRICAL CONTRACTORS, INC., etc., Appellee.
No. 5D00-2341.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
Michael A. Hornreich and Michael A. Sexton of Greenberg, Traurig, P.A., Orlando and Elliott H. Scherker and Elliott B. Kula of Greenberg, Traurig, P.A., Miami, for Appellant.
Curtis L. Brown of Wright, Fulford, Moorhead and Brown, P.A., Orlando, for Appellee.
PETERSON, J.
Fluor Enterprises, Inc., et. al. (Fluor), a general contractor, appeals an order denying its motion to compel arbitration with Tri-City Electrical Contractors, Inc. (Tri-City), a sub-contractor, in a dispute over a construction contract. Prior to this action, Tri-City agreed with Fluor that in the event Fluor and the owner, MIG/Orlando Development, Ltd. (MIG), were required to arbitrate a dispute which arose out of or was directly related to Tri-City's work, Tri-City would join in the arbitration proceedings. Fluor and MIG are currently involved in negotiations over work that may have been allegedly hindered by Tri-City, but no action has been taken beyond the negotiations. That is, neither Fluor nor MIG has demanded arbitration. Tri-City alleges that Fluor owes it over $150,000 under the contract between them and filed this action almost nine months ago in an attempt to collect. Fluor then unsuccessfully attempted to have the trial judge refer this matter to arbitration.
The trial court denied Fluor's motion to compel arbitration because it considered a written demand for arbitration to be a condition precedent that had not been satisfied. Normally, the issue of whether a condition precedent to arbitration had been satisfied is a question for the arbitrator to resolve, not the trial court. See Executive Life Ins. Co. v. John Hammer & Assoc., Inc., 569 So.2d 855 (Fla. 2d DCA 1990). In the instant case, however, it is undisputed that the condition precedent to arbitration (i.e., either Fluor or MIG make demand for arbitration) has not been satisfied. Requiring an arbitrator to acknowledge this undisputed fact would be an exercise in futility.
Accordingly, the order denying arbitration is affirmed and the matter remanded for further proceedings. If Fluor and MIG proceed beyond the discussion stage *1261 over their dispute and arbitration is initiated, Fluor may then renew its motion to compel arbitration.
AFFIRMED and REMANDED.
COBB and PALMER, JJ., concur.