969 So.2d 1069 (2007)
HUBBARD CONSTRUCTION COMPANY, Appellant,
v.
JACOBS CIVIL, INC., Appellee.
No. 5D06-3640.
District Court of Appeal of Florida, Fifth District.
October 12, 2007.
Rehearing Denied November 30, 2007.
*1070 Philip E. Beck of Smith, Currie & Hancock, LLP, Atlanta, GA, for Appellant.
A. Anderson B. Dogali and Joel Ewusiak of Forizs & Dogali, P.L., Tampa, for Appellee.
PALMER, C.J.
Hubbard Construction Company (HCC) appeals the non-final order entered by the trial court granting Jacobs Civil, Inc.'s (JCI) motion to compel arbitration. Determining that JCI failed to comply with the conditions precedent set forth in the parties' arbitration agreement, we reverse.
JCI filed a motion to compel arbitration with HCC. The motion explained that the parties entered into a written subcontract agreement which provided that JCI would provide certain services in connection with the design and construction of a section of interstate highway. Of importance to this appeal, said agreement contains the following arbitration provisions:
DESIGN SUBCONTRACT AGREEMENT
* * *
16. Miscellaneous Provisions. The following miscellaneous provision shall govern this Agreement:
* * *
(b) Except as otherwise provided in this agreement, any dispute concerning a question of fact arising under the agreement which is not resolved shall be decided by Hubbard, who shall reduce its decision to writing and furnish a copy thereof to [JCI]. Unless the decision impairs [JCI's] obligation as a professional engineer, [JCI] shall immediately implement such decision without interruption, deficiency or delay. The decision of Hubbard shall be final and conclusive unless, within (20) days from the date of receipt of such copy, [JCI] makes written demand to Hubbard for arbitration proceedings, unless otherwise agreed in writing by the parties hereto.
(c) This agreement shall be governed by the laws of the state of Florida. If any controversy should arise between the parties relating to this agreement or the failure or refusal of any party to perform the whole or any part hereof, the parties will submit such matter to binding arbitration. Such arbitration shall be governed by the Florida Arbitration *1071 Code with the venue to be in Orange County, Florida. Each party shall choose one arbitrator with a third arbitrator mutually chosen by the two arbitrators.
JCI's motion to compel arbitration alleged that a controversy arose between the parties concerning amounts due under the contract. Specifically, JCI maintained that HCC owed JCI more than $600,000 pursuant to the terms of the parties' agreement, and HCC claimed that JCI owed "an even higher sum in relation to impact allegedly caused by [JCI's] defective performance." The motion further alleged that said controversies were required to proceed to arbitration pursuant to the terms of the parties' agreement.
HCC filed an answer to JCI's motion to compel arbitration. In its answer, HCC alleged that JCI's motion should be dismissed because it failed to state a valid claim upon which relief could be granted. The answer further alleged defenses of waiver, time-bar, and noncompliance. In its answer, HCC also set forth a counterclaim/cross-motion for a declaratory judgment that JCI's claim was not subject to arbitration because JCI failed to comply with paragraph 16(b) of the parties' arbitration agreement which sets forth a 20-day time limitation for the exercise of the option to arbitrate.
To support its counterclaim, HCC explained that numerous disputes arose between the parties during the course of the construction project and that, on January 18, 2006, HCC sent a letter to JCI issuing its "final decision" regarding those collective disputes. Said letter specifically stated that, since the parties had not been able to resolve disputed issues concerning disagreements about the construction in the five months following the completion of the construction project, the letter constituted HCC's
"final decision pursuant to Paragraph 16(b) of the design Subcontract Agreement between [the parties]. Hubbard remains willing to discuss these issues with Jacob further if it appears that further discussions would be mutually beneficial. Accordingly, if Jacob disagrees with the final decision set forth herein, but desires to meet with [HCC] in an attempt to resolve these issues without resorting to arbitration, please advise us as soon as possible and we will be happy to discuss with you the possibility of the parties agreeing in writing to extend the deadline for initiating arbitration proceedings a reasonable length of time in order to allow such a meeting to occur."
On February 12, 2006, the twentieth day after JCI received HCC's "final decision letter", counsel for JCI sent a letter to HCC. In that letter, counsel for JCI stated that JCC would need additional time to review the case and requested that HCC agree to a 60-day extension of the time limitation set forth in paragraph 16(b) of the parties' agreement. No demand for arbitration was made by JCI in the February 12th letter. HCC responded via letter to JCI noting that the time limit for seeking arbitration had expired.
The trial court conducted a hearing on the parties' competing motions. During the hearing, counsel for JCI argued that all issues relating to JCI's defenses must be determined by the arbitrators, not the trial court. HCC responded by arguing that paragraph 16(b) of the parties' contract created a condition precedent to JCI's right to seek arbitration; specifically, making a demand for arbitration within 20 days of any final action undertaken by HCC, and that JCI failed to comply with said condition by failing to demand arbitration within 20 days of HCC's January *1072 18, 2006 final decision letter, thereby waiving its right to seek arbitration.
Upon review, the trial court entered an order summarily granting JCI's motion to compel arbitration. HCC appeals, maintaining that the trial court erred in granting JCI's motion. We agree.
The standard of review of a trial court's ruling on a motion to compel arbitration is de novo. Avid Engineering, Inc. v. Orlando Marketplace, Ltd., 809 So.2d 1 (Fla. 5th DCA 2001).
In this case, the issue is whether JCI failed to comply with a condition precedent to arbitration and, as a result, is not entitled to demand arbitration. Two cases presenting similar factual scenarios lead to the conclusion that JCC is not entitled to demand arbitration.
First, in Lyons v. Krathen, 368 So.2d 906 (Fla. 3d DCA 1979), a general contractor appealed the trial court's order denying its motion to compel arbitration pursuant to an agreement that contained an express 30-day time limitation for demanding arbitration. The motion to compel arbitration was denied by the trial court because the demand was not timely made. On appeal, the Third District affirmed, ruling that the contractor failed to timely make demand for arbitration.
Similarly, in Seaboard Surety Co. v. Cates, 604 So.2d 570 (Fla. 3d DCA 1992), the Third District held that the trial court properly determined, as a matter of law, that the defendant had no right to arbitrate contractual disputes where its contract specifically provided that demand within 30 days was a precondition for arbitration and defendant failed to file any such demand.
Applying this case law to facts in this case, the trial court erred in granting JCI's motion to compel arbitration since it was undisputed that JCI failed to comply with the 20-day time limitations set forth in the parties' contract.
JCI argues that these two cases are not controlling because other Florida courts have broadly held that any issue concerning whether demand for arbitration has been "timely made" is a question of fact to be decided by an arbitrator. We disagree.
JCI's arguments confuse the concepts of timeliness and failure to meet a condition precedent. A claim alleging mere delay in seeking arbitration which creates a timeliness issue must be decided by the arbitrators. See Alderman v. City of Jacksonville, Fire & Rescue Div., 902 So.2d 885 (Fla. 1st DCA 2005). However, the issue here was whether JCI failed to comply with a condition precedent to seeking arbitration and, as such, whether the trial court was required to consider that issue. None of the arbitration provisions contained in the cases cited by JCI set forth express time limitations for the invocation of arbitration rights like the 20-day requirement existing in this case.
JCI also argues that the time limitation set forth in paragraph 16(b) does not apply to the instant controversy because the intent behind the paragraph was that the provision only applied to conduct between the parties "during the pendency of the construction project," not to conduct occurring after the project was completed. We reject this argument because the language set forth in paragraph 16(b) is not ambiguous as to its applicability to all disputes "arising under the agreement."
REVERSED and REMANDED.
LAWSON, J., concurs.
SAWAYA, J., dissents, with opinion.
SAWAYA, J., dissenting.
There is an arbitrable issue that must be decided by the arbitrator: whether Hubbard *1073 Construction Company is estopped from asserting noncompliance by Jacobs Civil, Inc., with the twenty-day time limitation contained in the agreement between the parties for demanding arbitration. Therefore, I do not agree with the majority that Jacobs Civil, Inc., is not entitled to demand arbitration because it failed to comply with that time limitation. Based on the facts and circumstances relating to the estoppel issue raised by Jacobs, the trial court properly compelled arbitration so the issue of estoppel could be resolved by the arbitrator. I, therefore, respectfully dissent.
The proceedings in circuit court began when Jacobs filed a motion to compel arbitration. There are three elements a court must consider in ruling on a motion to compel arbitration of a given dispute: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); see also O'Keefe Architects, Inc., v. CED Constr. Partners, Ltd., 944 So.2d 181, 185 (Fla.2006); Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla. 2005); Presidential Leasing, Inc. v. Krout, 896 So.2d 938, 940 (Fla. 5th DCA 2005).
As to the first issue, Hubbard and Jacobs clearly entered into a valid agreement to arbitrate, and that is not contested. As to the second element, it is equally clear that the issue of estoppel raised by Jacobs in the trial proceedings is an arbitrable issue to be decided by the arbitrator. Specifically, Jacobs presented evidence of a letter from Hubbard dated January 18, 2006, that contained Hubbard's final decision regarding disposition of the dispute between itself and Jacobs. This final decision letter triggered the provision in the agreement that "[t]he decision of Hubbard shall be final and conclusive unless within twenty (20) days from the date of receipt of such copy, [Jacobs] makes written demand to Hubbard for arbitration proceedings, unless otherwise agreed in writing by the parties hereto." That letter also contained the following offer to Jacobs:
Hubbard remains willing to discuss these issues with Jacobs further if it appears that further discussions would be mutually beneficial. Accordingly, if Jacobs disagrees with the final decision set forth herein, but desires to meet with Hubbard in an attempt to resolve these issues without resorting to arbitration, please advise us as soon as possible and we will be happy to discuss with you the possibility of the parties agreeing in writing to extend the deadline for initiating arbitration proceedings a reasonable length of time in order to allow such a meeting to occur.
Jacobs, through its attorney, accepted the offer to further discuss the issues and to extend the time limit for demanding arbitration in a letter dated February 12, 2006, which stated:
Jacobs has been analyzing the issues outlined in your letter, and intends to continue to do so over the next few weeks. I believe a detailed response can be prepared by about the end of March, at which time we would be in a position to meet with you to discuss the claims. In order for Jacobs to continue its analysis with this schedule in mind, Hubbard will need to agree to an extension of the time provided in paragraph 16(b) of the parties' Agreement. I suggest sixty (60) days from today.
Please confirm, as offered in the third paragraph of your January 18 letter, that Hubbard is in agreement with this *1074 suggested extension. In the absence of your confirmation, we will have no choice but to submit a demand for arbitration.
Hubbard subsequently retained counsel who, after the twenty-day period had expired, wrote a letter to Jacobs indicating it was no longer willing to discuss the matter, that Hubbard was now relying on strict compliance with the twenty-day time limit, and that Hubbard would object to any attempt to arbitrate the contested issues because Jacobs failed to formally demand arbitration within that specified period. Although Jacobs accepted Hubbard's offer of further discussions and extension of the time limitation under the contract within twenty days from the date of Hubbard's letter, Hubbard claimed that Jacobs' acceptance of the offer was untimely.
I believe that estoppel is a meritorious defense in the instant case, which raises arbitrable issues encompassed by the broad arbitration clause contained in the agreement between Jacobs and Hubbard. That clause specifically provides:
This Agreement shall be governed by the laws of the State of Florida. If any controversy should arise between the parties relating to this Agreement or the failure or refusal of any party to perform the whole or any part hereof, the parties will submit such matter to binding arbitration. Such arbitration shall be governed by the Florida Arbitration Code with the venue to be in Orange County Florida. Each party shall choose one arbitrator with a third arbitrator mutually chosen by the two arbitrators.
A similarly broad agreement was considered by the court in O'Keefe. There, the arbitration agreement provided that a demand for arbitration must be made within a reasonable time not to exceed the time period covered by the applicable statute of limitations. After O'Keefe raised a statute of limitations defense to the otherwise arbitrable claim, the trial court found that the defense raised a matter for the arbitrator to decide and entered an order compelling arbitration. The supreme court agreed that under the broad arbitration agreement, the defense raised an arbitrable issue, explaining:
[A] gateway dispute about whether the parties are bound by a given arbitration clause raises a "question of arbitrability" for a court to decide. Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court.
At the same time the Court has found the phrase "question of arbitrability" not applicable in other kinds of general circumstance where parties would likely expect that an arbitrator would decide the gateway matter. Thus "`procedural' questions which grow out of the dispute and bear on its final disposition" are presumptively not for the judge, but for an arbitrator, to decide. So, too, the presumption is that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability." Indeed, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to "incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act]," states that an "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." RUAA § 6(c), and comment 2, 7 U.L.A. 12-13 (Supp.2002).
*1075 O'Keefe, 944 So.2d at 186-87 (quoting Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84-85, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (some citations omitted)). Like the statute of limitations defense raised in O'Keefe, the issue of estoppel is an arbitrable issue to be determined by the arbitrator. Therefore, the trial court properly compelled arbitration.
The third element the trial court must determine is whether a party waived the right to arbitration. The courts have consistently held that a party waives its right to arbitrate by: (1) actively participating in the lawsuit; or (2) taking action which is inconsistent with the right to arbitrate. Saldukas, 896 So.2d at 711 (citing Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678, 680 (Fla.1973)); Morrell v. Wayne Frier Manufactured Home Ctr., 834 So.2d 395, 397 (Fla. 5th DCA 2003); Avid Eng'g, Inc. v. Orlando Marketplace Ltd., 809 So.2d 1 (Fla. 5th DCA 2001); R.W. Roberts Constr. Co., Inc. v. Masters & Co., Inc., 403 So.2d 1114 (Fla. 5th DCA 1981). "`The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.'" Saldukas, 896 So.2d at 711 (quoting Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C.Cir.1987)). The record reveals that Jacobs did not participate in any lawsuit that would form the basis of a waiver of its right to arbitrate. To the contrary, what Jacobs did was file a motion to compel arbitration in the circuit court, which is a proceeding that is totally consistent with its right to arbitrate.
I acknowledge that there are cases that hold the failure to comply with a time limitation in an agreement for making a demand for arbitration may constitute a waiver. In determining who should decide that particular issue, some courts distinguish between cases that have a specific time limitation for demanding arbitration and those that require the demand be made within a reasonable time but no later than the expiration of the statute of limitations. See Abel Homes at Naranja Villas, LLC v. Hernandez, 960 So.2d 891, 894 (Fla. 3d DCA 2007); The Hillier Group, Inc. v. Torcon, Inc., 932 So.2d 449, 455 (Fla. 2d DCA 2006). If the agreement provides a specific time period and it is uncontested that the time limit was not complied with, the trial court may decide the issue. See Seaboard Sur. Co. v. Cates, 604 So.2d 570 (Fla. 3d DCA 1992); Lyons v. Krathen, 368 So.2d 906, 908 (Fla. 3d DCA 1979). The rationale for this view was explained by this court in Fluor Enterprises, Inc. v. Tri-City Electrical Contractors, Inc., 784 So.2d 1260, 1260 (Fla. 5th DCA 2001), when we stated that requiring an arbitrator to acknowledge an undisputed fact "would be an exercise in futility." As the court explained in O'Keefe, if the failure to file a demand for arbitration is pursuant to a broad agreement to arbitrate and the agreement requires the demand to be made within a reasonable time and no later than the date upon which the statute of limitations expires, the arbitrator must decide the issue.
I recognize that the agreement in the instant case provides a specific time limitation to demand arbitration. However, compliance with the time limitation is not undisputed because Jacobs has raised a valid and meritorious defense of estoppel that may prevent Hubbard from asserting Jacobs' failure to file its demand within the specific time limitation of twenty days. Accordingly, the instant case is clearly distinguishable from Fluor, Cates, and Lyons. Moreover, this case is unlike Fluor because requiring the arbitrator to decide *1076 the contested issue of estoppel would not be an exercise in futility.
The majority states that the issue of noncompliance with the twenty-day time limit is not a timeliness issue but a condition precedent to be considered by the trial court rather than the arbitrator. The Third District Court has held that compliance with a time limit to demand arbitration is not a condition precedent, but a procedural requirement that must be decided by the arbitrator. See Public Health Trust of Dade County v. M.R. Harrison Const. Corp., 415 So.2d 756 (Fla. 3d DCA 1982), pet. for review denied, 427 So.2d 737 (Fla.1983); see also ARI Mut. Ins. Co. v. Hogen, 734 So.2d 574 (Fla. 3d DCA 1999). In M.R. Harrison, the court explained:
Sharply to be distinguished from conditions precedent to arbitration are procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself  conditions in arbitration, e.g., limitations of time within which the demand for arbitration must be made, or requirements as to parties on whom or as to the manner in which service of the demand for arbitration shall be made. As would be expected, questions as to whether there has been compliance with such procedural regulations and, if not, what the consequences shall be, are for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding (citations omitted).
415 So.2d at 757 (quoting County of Rockland v. Primiano Constr. Co., Inc., 51 N.Y.2d 1, 431 N.Y.S.2d 478, 409 N.E.2d 951, 954 (1980)). But even if it is a condition precedent, compliance with conditions precedent is usually a matter for the arbitrator to decide rather than the trial court, as the court in O'Keefe explained. This was also explained by the court in Alderman v. City of Jacksonville, Fire & Rescue Division, 902 So.2d 885, 886-87 (Fla. 1st DCA 2005), when it stated:
And questions of timeliness are to be decided by an arbitrator, not a trial court. Piercy v. Sch. Bd. of Washington, 576 So.2d 806 (Fla. 1st DCA 1991). This is true even if the time requirement for arbitration is labeled a condition precedent. See Executive Life Ins. Co. v. John Hammer & Assoc., Inc., 569 So.2d 855 (Fla. 2d DCA 1990).
(Emphasis added). Moreover, this court and others have held that conditions precedent are issues for the arbitrator to decide.[1]
Regardless of whether we label compliance with specific time limitations for demanding arbitration as a condition precedent or a waiver issue, estoppel is a matter for resolution by the arbitrator. Accordingly, this court should affirm the trial court's order compelling arbitration so the *1077 arbitrator may decide the issue in the arbitration proceedings.
NOTES
[1] See Cooper v. Fine, 705 So.2d 131, 131 (Fla. 4th DCA 1998) ("Although appellant claims she is entitled to litigate the question of whether conditions precedent to arbitration were fulfilled, that issue is a question for the arbitrator."); City of Mount Dora v. Cent. Fla. Police Benevolent Ass'n, Inc., 600 So.2d 520, 522 (Fla. 5th DCA 1992); Executive Life Ins. Co. v. John Hammer & Assocs., Inc., 569 So.2d 855, 857 (Fla. 2d DCA 1990); Federated Dep't Stores, Inc. v. Pavarini Const. Co., Inc., 425 So.2d 1212 (Fla. 4th DCA 1983) (holding that court may decide question of whether arbitration has been waived unless one party contends waiver question should be answered by arbitrators, in which instance the question must be resolved by arbitrators); see also Public Health Trust of Dade County v. M.R. Harrison Const. Corp., 415 So.2d 756 (Fla. 3d DCA 1982) (noting that whether arbitration demand is timely within meaning of contract provision is a matter for arbitrator), pet. for review denied, 427 So.2d 737 (Fla.1983); Held v. Trafford Realty Co., 414 So.2d 631 (Fla. 5th DCA 1982) (same).