PER CURIAM.
The Public Health Trust of Dade County, Florida (the County), appeals from an order denying its motion to stay pending arbitration proceedings, compelling the continuation of arbitration, and dismissing the County’s complaint for damages.[1] We affirm.
Neither the validity of the contract between the parties nor its provision for arbitration is challenged. See Post Tensioned Engineering Corp. v. Fairways Plaza *757 Associates, 412 So.2d 871 (Fla. 3d DCA 1982). The County’s contention is simply that Harrison did not, as required by the contract, demand arbitration “within a reasonable time after the claim, dispute or other matter in question has arisen,”[2] and thus was disentitled to enforce its right to arbitrate. Harrison’s response below and here is that the question of whether its demand for arbitration was untimely is to be decided in arbitration, not by a court.[3] We agree.
In County of Rockland v. Primiano Construction Co., Inc., 51 N.Y.2d 1, 431 N.Y. S.2d 478, 409 N.E.2d 951 (1980), the New York Court of Appeals addressed the identical issue arising from an identical arbitration clause. It said:
“Sharply to be distinguished from conditions precedent to arbitration are procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself — conditions in arbitration, e.g., limitations of time within which the demand for arbitration must be made, or requirements as to parties on whom or as to the manner in which service of the demand for arbitration shall be made. As would be expected, questions as to whether there has been compliance with such procedural regulations and, if not, what the consequences shall be, are for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding (citations omitted).
“It is recognized that both conditions precedent to access to the arbitral forum (falling within the judicial ambit) and procedural regulations or conditions in the arbitration proceedings (falling to the arbitrator) may be verbally referred to indiscriminately as ‘conditions precedent’ to arbitration.... Under the second heading will come provisions relating to the conduct of the arbitration proceeding itself, i.e., requirements or conditions in arbitration, e.g., that the demand be made within a specified time, or be served in a specified manner or on specified persons. Beyond that it is to be remembered that inasmuch as the entire arbitration process is a creature of contract, the parties by explicit provision of their agreement have the ability to place any particular requirement in one category or the other, to make it a condition precedent to arbitration or to make it a condition in arbitration. ... ” 51 N.Y.2d at 8-9, 431 N.Y.S.2d at 482, 409 N.E.2d at 954-55 (emphasis in original) (footnote omitted).
and concluded:
“It remains then to address the other contention advanced by the county, *758 namely, that, ... subparagraph 7.10.2 prescribes that ‘the demand for arbitration shall be made * * * within a reasonable time after the claim * * * has arisen’ and that the demand by Primiano in this instance was untimely within the meaning of that provision. This provision, however ... is not a condition precedent to arbitration but only a procedural stipulation with respect to the conduct of the arbitration proceeding. Accordingly, it will be for the arbitrator to resolve the contention of the county with respect to the untimeliness of this demand.” 51 N.Y.2d at 11-12, 431 N.Y.S.2d at 484, 409 N.E.2d at 956.
We are persuaded that the result in Pri-miano is correct and, moreover, consistent with the strong public policy favoring arbitration, which we so recently reaffirmed in Post Tensioned Engineering Corp. v. Fairways Plaza Associates, supra.
The County argues that delay in demanding arbitration is the equivalent of a waiver of arbitration, and as waiver is an issue cognizable by the court, so too should be the issue of delay. In our view, however, the non-action of delay does not contain the ingredient common to waiver cases, see, e.g., Lapidus v. Arlen Beach Condominium Association, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981), and cases collected therein, that is, that the party said to have waived has, in some manner, affirmatively manifested an acceptance of the judicial forum. Delay in demanding arbitration, unaccompanied by action in a court, is not a repudiation of the right to arbitrate so as to make the issue of delay one for a court to decide.
Finally, we consider the County’s argument that were we to hold that the issue of unreasonable delay is an issue to be addressed in arbitration, we would be required to recede from well-entrenched Florida law (and, indeed, this court’s own cases) holding to the contrary. We think not. We fully recognize that in Lyons v. Krathen, 368 So.2d 906 (Fla. 3d DCA 1979), we affirmed the denial of an untimely motion to compel arbitration; that in Bickerstaff v. Frazier, 232 So.2d 190 (Fla. 1st DCA 1970), upon which we relied in Lyons, the First District did the same; and that in Frank J. Rooney, Inc. v. Food Fair Industries, Inc., 254 So.2d 30 (Fla. 3d DCA 1971), we affirmed an order compelling arbitration which was timely sought. But none of these cases addressed or decided the apparently unraised question which is now, for the first time, squarely before us — that is, in respect to an agreement such as that involved in the present case, is it for the arbitrator or the court to determine when a demand for arbitration is untimely? We hold that the question is one for the arbitrator.[4] Our emergency stay of the trial court’s order is hereby vacated.
Affirmed.

. We dispose of the parties’ preliminary skirmish over our jurisdiction. The dismissal of *757 Public Health Trust’s complaint is a final appealable order, Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), and, having jurisdiction, we may undertake appellate review of other aspects of the dismissal order. Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298 (Fla. 4th DCA 1981). Compare Harris v. State Farm Mutual Automobile Insurance Co., 283 So.2d 147 (Fla. 2d DCA 1973) (order granting motion to compel arbitration, without dismissal of complaint, did not finally terminate litigation and was not appealable, although reviewable by certiorari); North Broward Hospital District of Broward County v. William Passalacqua Builders, Inc., 312 So.2d 206 (Fla. 4th DCA 1975) (order staying, but not dismissing, court action and compelling arbitration not appealable). Compare further Lapidus v. Arlen Beach Condominium Association, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981); Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980) (orders denying motion to compel arbitration, definitively non-final, reviewable by certiorari).

. The pertinent clause of the parties’ agreement provides in full:
“7.10.2 Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. The demand for arbitration shall be made within the time limits specified in Subparagraphs 2.2.10 and 2.2.11 where applicable, and in all other cases within a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.”

. We note parenthetically that prior to filing its Circuit Court action, the County unsuccessfully moved in the arbitration proceeding for dismissal on account of this delay.

. A court quite clearly has jurisdiction to decide the delay issue where a party does not insist upon his right to have it decided in arbitration. Indeed, it might have been argued that the parties seeking arbitration in Lyons, Bicker-staff and Rooney, by failing to assert that the delay issue could only be decided in arbitration and not by the court, repudiated their rights under the arbitration agreement.