516 So.2d 972 (1987)
Theodore BASS, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. BO-392.
District Court of Appeal of Florida, First District.
October 30, 1987.
Rehearing Denied January 4, 1988.
Theodore Bass, in pro. per.
Maxine F. Ferguson, Appellate Atty., Dept. of Transp., Tallahassee, for appellee.
PER CURIAM.
The appellant, Theodore Bass, seeks review of an order of the Public Employees Relations Commission (PERC) dismissing his appeal to that body of a disciplinary action taken against him by his employer, the Department of Transportation (DOT). The crux of Mr. Bass's complaint is that he was wrongfully disciplined by DOT on the basis of errors or mistakes made, at least in part, by fellow employees. Because of the procedural history of this case, and because of the provisions of § 447.401, Fla. Stat., we are unable to address the merits of Mr. Bass's complaint, and must affirm.
The record indicates that Mr. Bass is both a career service employee of the DOT and a member of a collective bargaining unit of the American Federation of State, County, and Municipal Employees (the union). Upon being notified by DOT of its intent to discipline him, Mr. Bass sought the assistance of his union representative and filed an official grievance form authorizing the union to represent him in connection with his grievance. Only after the union representative was unable to work out a settlement of the dispute satisfactory *973 to Mr. Bass was the instant civil service appeal filed.
Section 447.401, Fla. Stat., prescribing grievance procedures for public employee labor organizations, provides, in pertinent part:
A career service employee shall have the option of utilizing the civil service appeal procedure or a grievance procedure established under this section, but such employee cannot use both a civil service appeal and a grievance procedure.
Under § 447.401, a career service public employee who is also a union member may contest a disciplinary action taken by his or her employer either through the union or by filing a civil service appeal, but may not pursue both avenues for relief. The basis for PERC's order dismissing Mr. Bass's case was the fact that Mr. Bass had previously sought relief using the grievance procedure established by collective bargaining contract, and thus was precluded from also prosecuting a civil service appeal. Given the above quoted provisions of § 447.401, PERC's determination that Mr. Bass's civil service appeal would have to be dismissed was not only proper, it was required. Accordingly, said decision must be, and hereby is, AFFIRMED.
SHIVERS and ZEHMER, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.