575 So.2d 289 (1991)
METROPOLITAN DADE COUNTY, Appellant,
v.
DADE COUNTY ASSOCIATION OF FIREFIGHTERS, LOCAL 1403, Appellee.
No. 90-2171.
District Court of Appeal of Florida, Third District.
February 26, 1991.
Robert A. Ginsburg, Dade County Atty. and John McInnis, Asst. County Atty., for appellant.
Sugarman & Susskind, Robert A. Sugarman, and Alice Weisman, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL, and GERSTEN, JJ.
PER CURIAM.
Appellant, Metropolitan Dade County, appeals a final summary judgment in favor of appellee, Dade County Association of Firefighters, Local 1403, on appellant's action to vacate an arbitration award. We reverse.
The facts may be briefly stated. A Dade County firefighter was discharged by the Dade County Fire Department for violating the Department's policy prohibiting the use of illegal drugs. The employee sought relief from discharge through the avenue of a civil service appeal. The employee's appeal was unsuccessful.
An arbitrator then heard the discharged employee's grievance based on a contractual violation of appellant's drug testing procedure. The arbitrator ruled appellant had violated the collective bargaining agreement, and as a remedy, ordered appellant to reinstate the employee as a firefighter. Appellant petitioned the trial court to vacate *290 the arbitrator's ruling. On cross-motions for summary judgement, the court entered a final summary judgment in favor of appellee.
Appellant argues the arbitration award is precluded by the express language of section 447.401, Florida Statutes (1989), which provides in part:
A career service employee shall have the option of utilizing the civil service appeal procedure, an unfair labor practice procedure, or a grievance procedure established under this section, but such employee is precluded from availing himself to more than one of these procedures.
Here, the discharged employee utilized a civil service appeal procedure and then a grievance procedure.
We conclude, as a matter of law, that the employee's appeal of his discharge through the civil service appeal procedure, forecloses him from seeking relief under the grievance procedure. § 447.401, Fla. Stat. (1989). "[A] career service public employee who is also a union member may contest a disciplinary action taken by his or her employer either through the union or by filing a civil service appeal, but may not pursue both avenues for relief." Bass v. Department of Transportation, 516 So.2d 972, 973 (Fla. 1st DCA 1987).
Accordingly, we reverse the final summary judgment with instructions to the trial court to vacate the award and enter judgment in favor of appellant.