576 So.2d 806 (1991)
Dr. Ivonne PIERCY, Appellant,
v.
The SCHOOL BOARD OF WASHINGTON COUNTY, FLORIDA, Appellee.
No. 90-796.
District Court of Appeal of Florida, First District.
March 11, 1991.
*807 Thomas W. Brooks, of Myer and Brooks, P.A., Tallahassee, for appellant.
John D. Carlson, of Gatlin, Woods, Carlson & Cowdery, Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Dr. Ivonne Piercy, formerly employed by appellee, the School Board of Washington County, Florida (board), as a non-tenured teacher, appeals the lower court's final judgment permanently restraining her from proceeding to arbitration on her grievance filed against appellee. We reverse and remand for further proceedings.
Appellant was employed by appellee as a physical education teacher at Vernon High School under an annual contract of employment for the period from August 15, 1988 through June 5, 1989. After the school's principal, Louis F. Goodman, informed her that she would not be recommended for rehiring, and after she received a letter of recommendation from Goodman indicating that her nonrenewal was based on "staff reductions," Piercy filed a grievance.
Dr. Piercy alleged in the grievance that her contractual rights had been violated in that several articles of the collective bargaining agreement had been violated, including article XII thereof, pertaining to reduction in personnel. She specifically complained that she had been discriminated against on the basis of sex, age, and experience, because her principal renewed a less-experienced, younger male in a comparable position. After Dr. Piercy's grievance was denied at each level of the grievance procedure, she demanded arbitration and an arbitration hearing was scheduled for November 7, 1989. Prior thereto the board filed its complaint for declaratory judgment and injunctive relief to prohibit the arbitration proceeding from continuing. Following a hearing on the board's complaint, the trial court concluded that no arbitrable issue existed and therefore granted the board's requests.
The trial court's role when considering applications to compel arbitration under Section 682.03, Florida Statutes (1987), is limited to determining (1) whether a valid written agreement exists containing an arbitration clause, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. Manalili v. Commercial Mowing & Grading, 442 So.2d 411, 413 (Fla. 2d DCA 1983); William Passalacqua Builders, Inc. v. Mayfair House Ass'n, Inc., 395 So.2d 1171, 1173 (Fla. 4th DCA 1981). The trial court should not, however, delve into the merits of the grievance, because "[a]n order for arbitration shall not be refused on the ground that the *808 claim in issue lacks merit or bona fides." § 682.03(5), Fla. Stat. (1987).
As to the first issue, the court correctly determined that the parties by mutual agreement continued to operate under the terms of the expired 1985-88 collective bargaining agreement while they were in the process of negotiating a new contract. That contract had contained a valid arbitration clause.
The second issue concerning the existence of an arbitrable issue was determined adversely to Dr. Piercy on the ground that her grievance was filed from the letter of recommendation, which the court determined was not an event giving rise to a grievance as defined in the collective bargaining contract. "Grievance" is there defined as "[a]ny claim by a teacher ... that there has been a misinterpretation or misapplication of any provision of this written agreement ... that affects instructional personnel's wages, hours, or terms and conditions of employment." Appellant's grievance lists contract violations that allegedly occurred when she was denied renewal of employment. Although the grievance form does indicate March 23, 1989, the date of the letter of recommendation, as the date of her grievance, this is the date that Piercy would have first gained knowledge of the reason for her nonrenewal, i.e., "staff reductions." Piercy's grievance, then, is not directed to the letter of recommendation itself, but rather is directed to the conditions surrounding her nonrenewal. Based upon language employed in that letter, however, it is clear that the question of whether Piercy's nonrenewal was part of the staff reduction provisions of the contract or merely due to the nonrenewal of an annual contract requires interpretation of those contract provisions and is therefore a grievable issue that is subject to arbitration. See Leon County Classroom Teachers Ass'n, FTP-NEA v. School Bd. of Leon County, 363 So.2d 353 (Fla. 1st DCA 1978) (teacher employed under annual contract who was not renewed raised arbitrable issue under the terms of the contract regarding evaluation procedures and employee's right to respond to complaint made against him). We therefore conclude that appellant satisfied the second criterion before the court regarding the establishment of an arbitrable issue.
Turning to the third question, because the trial court concluded no arbitrable issue existed, it declined to determine whether Dr. Piercy had waived her right to arbitration. Evidence was, however, presented on the issue, and it is apparent therefrom that appellant did not waive her right to arbitration. A trial court may find waiver to have occurred if, for instance, the party seeking arbitration is actively participating in a lawsuit or taking action inconsistent with the right to arbitration. Lapidus v. Arlen Beach Condominium Ass'n, Inc., 394 So.2d 1102, 1103 (Fla. 3d DCA 1981). Filing an answer without asserting the right to arbitration acts as waiver, as does initiating legal action without seeking arbitration or counterclaiming without raising the issue of arbitration. Id. Consequently, if a party has manifested an acceptance of the judicial forum, a court could reasonably conclude that the party waived any right he or she may have had to arbitration. Id. Nothing in the record here indicates that appellant had in any manner manifested acceptance of the judicial forum. Rather appellant followed each step in the grievance process and then asserted the issue of arbitration in her answer after appellee filed its complaint for declaratory and injunctive relief in circuit court. Additionally, she filed a motion to compel arbitration. Thus, it cannot be said that appellant waived her right to arbitration under the contract.
We moreover note that delay in demanding arbitration is not the equivalent of waiver. Public Health Trust of Dade County v. M.R. Harrison Constr. Corp., 415 So.2d 756, 758 (Fla. 3d DCA 1982), review denied, 427 So.2d 737 (Fla. 1983). Additionally, we note that the question of whether a procedural prerequisite was satisfied, such as timeliness of appellant's request for the initial meeting with Goodman, is an issue to be decided by the arbitrator. Id. See also Executive Life Ins. Co. v. *809 John Hammer & Assocs., Inc., 569 So.2d 855, 856-57 (Fla. 2d DCA 1990).
The final judgment is REVERSED and the cause REMANDED with directions to dismiss the complaint.
BARFIELD, J., concurs.
BOOTH, J., dissents without written opinion.