734 So.2d 574 (1999)
ARI MUTUAL INSURANCE COMPANY, etc., Appellant,
v.
Ana Maria HOGEN, Appellee.
No. 98-2075.
District Court of Appeal of Florida, Third District.
June 16, 1999.
Bunnell, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, Dana S. Gehret, D. David Keller and Bruce S. Liebman (Fort Lauderdale), for appellant.
Charles M. Auslander; Ress, Mintz & Truppman and Scott Clein, North Miami, for appellee.
Before GODERICH, SHEVIN and SORONDO, JJ.
GODERICH, Judge.
The defendant, ARI Mutual Insurance Company [ARI], appeals from a non-final order granting the plaintiff's motion to compel arbitration. We reverse.
On August 19, 1997, Ana Marie Hogen filed a complaint against her insurer, ARI, alleging breach of the insurance contract for failure to pay damages on a loss covered by the policy. For the next nine months, Hogen actively litigated the matter. Specifically, she served ARI with the complaint, propounded interrogatories and a request for production of documents, noticed ARI's motion to dismiss for hearing, served a response and objections to ARI's request for admissions, filed a motion to strike ARI's affirmative defenses and a motion for a more definite statement, noticed that motion for hearing, and filed a motion to determine that ARI had waived its right to an examination under oath of the plaintiff.
Thereafter, by letter dated May 11, 1998, Hogen demanded that ARI submit to appraisal pursuant to the terms of the insurance policy. On July 7, 1998, Hogen filed a motion to compel appraisal. ARI responded by arguing that Hogen had waived her right to appraisal by actively litigating the matter. After a hearing, the trial court entered an order granting Hogen's motion to compel appraisal and determining that the issue of whether she had waived her right to appraisal was an issue for the appraisers to decide. ARI's appeal follows.
ARI contends that the trial court erred by compelling arbitration and by leaving the issue of waiver to be determined by the appraisers. We agree.
*575 First, we address the issue of who should determine the issue of waiver, whether the trial court or the appraisers. ARI correctly argues that it is well-settled in Florida that the trial court's role when considering applications to compel arbitration includes determining whether the right to arbitrate was waived. Phillips v. General Accident Ins. Co. of America, 685 So.2d 27, 29 (Fla. 3d DCA 1996); Chicago Ins. Co. v. Tarr, 638 So.2d 106, 108 (Fla. 3d DCA 1994); Piercy v. School Bd. of Washington County, Fla., 576 So.2d 806, 807 (Fla. 1st DCA 1991).
However, Hogen, in opposition, cites to Federated Department Stores, Inc. v. Pavarini Construction Co., 425 So.2d 1212 (Fla. 4th DCA 1983), a decision of the Fourth District, that addresses the issue of who should decide the issue of waiver and states:
that very question was raised in Public Health, etc. v. M.R. Harrison Const., 415 So.2d 756 (Fla. 3d DCA 1982), and the court held the question whether arbitration has been waived was one for arbitrators to decide rather than the court. The opinion points out that the question can be decided by a court if no issue is made with regard thereto. But when issue is drawn over which tribunal should decide the question the nod should be given to the arbitrators. We believe the Public Health case is well reasoned and opt to follow it.
Pavarini, 425 So.2d at 1213. We believe that the Fourth District's interpretation of this Court's decision in Public Health Trust is in error.
In Public Health Trust of Dade County v. M.R. Harrison Construction Corp., 415 So.2d 756, 757 (Fla. 3d DCA 1982), review denied, 427 So.2d 737 (Fla.1983), the county contended that Harrison did not, as required by the contract, demand arbitration "within a reasonable time after the claim, dispute or other matter in question has arisen," and thus was not entitled to enforce its right to arbitrate. This Court was then faced with the question of who would decide whether a demand for arbitration was untimelythe trial court or the arbitrators. This Court adopted the result of the New York decision in County of Rockland v. Primiano Construction Co., 51 N.Y.2d 1, 431 N.Y.S.2d 478, 409 N.E.2d 951 (1980), that found that the provision requiring a demand for arbitration within a reasonable time after the claim has arisen was not a condition precedent to arbitration but only a procedural stipulation with respect to the conduct of the arbitration proceeding and that as such, it was for the arbitrator to decide whether the demand was timely. Public Health Trust, 415 So.2d at 758.
Further, this Court in Public Health Trust specifically rejected the idea that delay in demanding arbitration is the equivalent of a waiver of arbitration and that as waiver is an issue cognizable by the court, so too should be the issue of delay. Public Health Trust, 415 So.2d at 758. In rejecting this idea, this Court explained:
the non-action of delay does not contain the ingredient common to waiver cases,... that is, that the party said to have waived has, in some manner, affirmatively manifested an acceptance of the judicial forum. Delay in demanding arbitration, unaccompanied by action in a court, is not a repudiation of the right to arbitrate so as to make the issue of delay one for a court to decide.
Public Health Trust, 415 So.2d at 758.
In our view, this Court held in Public Health Trust that the issue of whether a demand for arbitration was untimely should be decided by the arbitrators. This Court did not hold, as the Pavarini decision suggests, that the question of whether arbitration has been waived was one for arbitrators.
For these reasons, we reaffirm our long standing position that the question of whether arbitration has been waived is one for the trial court to determine, Phillips, 685 So.2d at 29; Chicago Ins. Co., 638 So.2d at 108; Piercy, 576 So.2d at 807, and *576 we find that the trial court erred by leaving the issue of waiver to be determined by the appraisers.
Next, in determining whether Hogen had waived her right to arbitration the trial court should have considered whether she actively participated in the lawsuit or took action inconsistent with her right to appraisal, and whether such action resulted in prejudice to the non-moving party. Shoma Dev. Corp. v. Rodriguez, 730 So.2d 838, 24 Fla. L. Weekly D938 (Fla. 3d DCA 1999); Lane v. Sarfati, 691 So.2d 5 (Fla. 3d DCA 1997). After reviewing the record before us, it is apparent that Hogen aggressively litigated this cause below and that such action over a nine-month period prejudiced the insurance company by resulting legal fees and costs that could have otherwise been avoided had Hogen elected appraisal initially. Shoma, 730 So.2d at 839, 24 Fla. L. Weekly at D939. The trial court erred by granting Hogen's motion to compel appraisal.
This cause is reversed and remanded for further proceedings consistent with this opinion.[1]
NOTES
[1] We note that at oral argument ARI's counsel conceded that this determination should in no way preclude Hogen from pursuing her claims in the circuit court below.