777 So.2d 435 (2001)
HALLANDALE PROFESSIONAL FIREFIGHTERS, LOCAL 2238, Appellant,
v.
CITY OF HALLANDALE, Florida, Appellee.
No. 4D00-418.
District Court of Appeal of Florida, Fourth District.
January 17, 2001.
Rehearing Denied February 22, 2001.
Noah Scott Warman of Sugarman & Susskind, P.A., Coral Gables, for appellant.
Mark Goldstein, Hallandale Beach, for appellee.
KLEIN, J.
The appellant union appeals a judgment determining that by electing to pursue an unfair labor practice charge before PERC, the union was barred from also seeking arbitration in regard to the same grievance. We affirm.
The union filed a grievance challenging disciplinary action taken by the appellee city against three firefighters and demanded arbitration pursuant to the contract between the city and the union. In addition, the union filed an unfair labor practice charge with the Florida Public Employee Relations Commission (PERC), alleging that the city had improperly disciplined three firefighters because of their union-related activities.
In the PERC proceeding the hearing officer found that the city had cause to discipline the firefighters as a result of the manner in which they responded to a 911 call. PERC adopted the recommended order of the hearing officer.
After the final ruling by PERC the union pursued the arbitration which it had previously demanded, but the trial court granted the city's motion for summary judgment, holding that, by electing the remedy of the PERC proceeding, the union was barred from pursuing arbitration on the same charges. The trial court relied on Metropolitan Dade County v. Dade County Ass'n of Firefighters, Local 1403, 575 So.2d 289 (Fla. 3d DCA 1991).
Section 447.401, Florida Statutes (1999), which governs grievance procedures between public employers and employees or unions provides in part:
Each public employer and bargaining agent shall negotiate a grievance procedure to be used for the settlement of disputes between employer and employee, or group of employees, involving the interpretation or application of a collective bargaining agreement. Such grievance procedure shall have as its terminal step a final and binding disposition by an impartial neutral, mutually selected by the parties ... All public employees shall have the right to a fair and equitable grievance procedure administered without regard to membership or nonmembership in any organization, *436 except that certified employee organizations shall not be required to process grievances for employees who are not members of the organization. A career service employee shall have the option of utilizing the civil service appeal procedure, an unfair labor practice procedure, or a grievance procedure established under this section, but such employee is precluded from availing himself or herself to more than one of these procedures.

This statute was interpreted in Metropolitan Dade, in which a Dade County firefighter had been discharged and sought relief through a civil service appeal which was unsuccessful. He then sought arbitration, and the arbitrator ordered him to be reinstated. The county appealed, and relying on the above statute, the third district held that the employee's use of the civil service appeal procedure foreclosed his seeking relief under the grievance procedure.
The union argues that the statute applies only to "career service" employees and that these employees are not included in that term. The statute contains no definition of career service employees, and the union's only argument is that the employees in this case were employed by the city, not the state or a state agency. In the absence of any authority to support the union's argument that there should be a distinction, we do not agree with its position. We do agree with the opinion of the third district in Dade County and affirm.
FARMER and TAYLOR, JJ., concur.