878 So.2d 421 (2004)
Barbara TAYLOR, Appellant,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION and Department of Health, Appellees.
No. 4D03-3056.
District Court of Appeal of Florida, Fourth District.
June 23, 2004.
Rehearing Denied August 17, 2004.
*422 Barbara Taylor, Lake Worth, Pro Se.
Stephen W. Foxwell, Tallahassee, for Appellee-Department of Health.
PER CURIAM.
Barbara Taylor appeals the order of the Public Employees Relations Commission (PERC) dismissing her whistle-blower complaint. PERC dismissed the complaint after determining that it was barred by her election of remedies. We affirm.
Ms. Taylors employer, the Department of Health (DOH), reprimanded her for allegedly making offensive remarks about a DOH attorney. Taylors collective bargaining representative filed a grievance on her behalf. After the grievance was denied at Step 1, Taylor filed a whistle-blower complaint with the Florida Commission on Human Relations (FCHR) concerning the reprimand. Taylor, however, did not withdraw her grievance; instead she proceeded to Steps 2 and 3, where decisions at both levels resulted in the denial of her grievance.
The FCHR notified Taylor that her whistle-blower complaint was denied as being without merit. Taylor then appealed this decision to PERC. After a formal administrative hearing, PERC dismissed Taylors complaint, determining that it was barred by her election to pursue the collective bargaining grievance to conclusion.
Section 447.401, Florida Statutes, (2003) governs grievance procedures for public employee union members. It states, in pertinent part, as follows:
A career service employee shall have the option of utilizing the civil service appeal procedure, an unfair labor practice procedure, or a grievance procedure established under this section, but such employee is precluded from availing himself or herself to more than one of these procedures.
This statute has been applied on multiple occasions to bar attempts to pursue more than one avenue of redress. See, e.g., Hallandale Profl Firefighters v. City of Hallandale, 777 So.2d 435 (Fla. 4th DCA 2001)(holding that by filing an unfair labor practice before PERC, the union was barred from also seeking arbitration concerning the same grievance). The election of remedies doctrine has been applied even where the first avenue pursued was unsuccessful. See Metro. Dade County v. Dade County Ass'n of Firefighters, 575 So.2d 289 (Fla. 3d DCA 1991)(holding that firefighters appeal of his discharge through civil service appeal procedure foreclosed any relief under the union grievance procedure); Bass v. Dept. of Transp., 516 So.2d 972 (Fla. 1st DCA 1987) (holding that PERC was required to dismiss employees civil service appeal after employee had previously sought relief through a grievance procedure).
That the requirement to elect a remedy also applies to whistleblower actions is made clear in section 112.3187, Florida Statutes (2003), the Florida Whistleblowers Act. Subsection (11) of that statute states:

*423 Sections 112.3187-112.31895 do not diminish the rights, privileges, or remedies of an employee under any other law or rule or under any collective bargaining agreement or employment contract; however, the election of remedies in s. 447.401 also applies to whistle-blower actions.

(emphasis added).
PERC has previously decided two cases in which it applied section 112.3187(11) to bar a whistle-blower complaint in circumstances indistinguishable from those here. In Snyder v. Univ. of South Florida, 22 FPER 27095 (1994), the agency stated:
When read together, these statutory provisions require the Complainant to elect to utilize either a grievance, a civil service appeal, an unfair labor practice charge or a whistle-blower complaint procedure.
In Snyder, because the employee had filed a grievance and failed to withdraw it before it was acted on (apparently adversely), PERC held that he was barred from maintaining his related whistle-blower complaint. See also Dale v. Dept of Corr., FPERC 94-001.
Because we conclude that this case is also governed by the aforementioned statutes precluding more than one course of redress, we affirm the order dismissing appellants whistle-blower complaint.
AFFIRMED.
GUNTHER, TAYLOR and MAY, JJ., concur.