PER CURIAM.
We conclude that under the facts of this case the trial court correctly concluded that the issue of whether arbitration was demanded in a timely fashion should properly be before the arbitrator for determination. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002); Piercy v. School Board of Washington County, 576 So.2d 806 (Fla. 1st DCA 1991); Graham Contracting, Inc. v. Flagler County, 444 So.2d *441 971 (Fla. 5th DCA), review denied, 451 So.2d 848 (Fla.1984); Rinker Portland Cement Corp. v. Seidel, 414 So.2d 629 (Fla. 3d DCA 1982); Public Health Trust of Dade Co. v. M.R. Harrison Constr. Corp., 415 So.2d 756 (Fla. 3d DCA 1982), review denied, 427 So.2d 737 (Fla.1983).
AFFIRMED.
THOMPSON, PLEUS and MONACO, JJ., concur.