902 So.2d 885 (2005)
Kenneth ALDERMAN, Appellant,
v.
CITY OF JACKSONVILLE, FIRE AND RESCUE DIVISION, Appellee.
No. 1D04-1549.
District Court of Appeal of Florida, First District.
May 31, 2005.
*886 T.A. Delegal, III of Delegal Law Offices, P.A., Jacksonville, for Appellant.
Richard A. Mullaney, General Counsel; Scott D. Makar, Chief, Appellate Division; and Andres Rojas, Assistant General Counsel, Jacksonville, for Appellee.
BROWNING, J.
Appellant challenges an order entering summary judgment against him on the ground that he waived his right to arbitrate a grievance. Because we agree with Appellant that the procedural issues associated with his grievance must be decided by an arbitrator, we reverse.
The facts leading up to this litigation are these. In 2001, Appellant filed a grievance against Appellee through his union, alleging Appellee had failed to administer a promotional examination for the position of Fire Captain (Rescue) within six months of a position's becoming vacant, as required by Article 14.7 of the collective bargaining agreement between the City and the Jacksonville Association of Firefighters. The hearing officer found Article 14.7 had been violated, but denied Appellant's request for seniority credit. Appellant sought no review of this decision. In 2002, Appellant applied to take a promotional examination for the position of District Chief (Rescue). His application was denied on the ground that he had not served for one year in the position of Fire Captain (Rescue).
Thereafter, Appellant submitted a grievance alleging that the prior violation of Article 14.7 directly resulted in the denial of his application to take the District Chief exam. The City ultimately denied this grievance without submitting it to arbitration, claiming that it was untimely filed and that it had already been addressed on the merits in that it duplicated Appellant's 2001 complaint. In 2003, Appellant filed an action to compel arbitration on the ground that the bases of denial are procedural matters that can be addressed only by an arbitrator. Appellee's motion for summary judgment was granted on the ground that Appellant had waived the right to arbitrate by failing to timely request arbitration; the trial court reasoned that a timely request was a condition precedent *887 to arbitration and that it was "bound by the holding of White Construction Co., Inc. v. State of Florida, 860 So.2d 1064 (Fla. 1st DCA 2003)."
The trial court erred because it combined timeliness and waiver. Mere delay creating untimeliness is distinct from the active participation that creates waiver. Pub. Health Trust of Dade County v. M.R. Harrison Constr. Corp., 415 So.2d 756, 758 (Fla. 3d DCA 1982). Because the facts of this case suggest only delay, a waiver analysis is improper. And questions of timeliness are to be decided by an arbitrator, not a trial court. Piercy v. Sch. Bd. of Washington, 576 So.2d 806 (Fla. 1st DCA 1991). This is true even if the time requirement for arbitration is labeled a condition precedent. See Executive Life Ins. Co. v. John Hammer & Assoc., Inc., 569 So.2d 855 (Fla. 2d DCA 1990). White Construction is distinguishable because, there, the arbitration board ruled on the timeliness issue, whereas, in the instant case, the issue was never submitted to the arbitration board but decided by the City and then by the trial court.
The trial court did not explicitly rule on the City's second reason for denial of arbitration, that the merits of Appellant's second grievance had previously been addressed in his first grievance. However, remand is required on this point as well, because a comparison of the merits of Appellant's two grievances, particularly as to whether the resolution of a prior grievance is binding or precedential as to a subsequent grievance, must also be conducted by an arbitrator. See Dist. 37 of Int'l Ass'n of Machinist & Aerospace Workers v. Lockheed Eng'g & Mgmt. Servs. Co., Inc., 897 F.2d 768 (5th Cir. 1990) (citing W.R. Grace & Co. v. Local Union 759, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983)).
Accordingly, we REVERSE the order entering summary judgment against Appellant and REMAND for referral to arbitration.
WOLF, C.J.; and VAN NORTWICK, J., concur.