973 So.2d 503 (2007)
CITY OF JACKSONVILLE, JACKSONVILLE SHERIFF'S OFFICE, Appellant,
v.
Todd COWEN, Appellee.
No. 1D06-5233.
District Court of Appeal of Florida, First District.
December 17, 2007.
Rehearing Denied February 5, 2008.
Richard A. Mullaney, General Counsel, Ernst D. Mueller, Deputy General Counsel, and Carol Mirando, Assistant General Counsel, Jacksonville, for Appellant.
T.A. Delegal, III, of Delegal Law Offices, P.A., Jacksonville, for Appellee.
KAHN, J.
This case turns upon whether appellee, Todd Cowen, now dismissed as a police officer with appellant Jacksonville Sheriff's Office (JSO), has a right to arbitrate his disciplinary dismissal. Ruling upon Cowen's petition to the circuit court seeking an order compelling the JSO to enter arbitration, the trial judge determined to reserve the central issue of waiver to the arbitration panel, and directed that the parties proceed to arbitration. The trial court should have ruled on the JSO's contention that Cowen had waived his right to arbitrate; nevertheless, the order on review must be affirmed because, as a matter of law, no waiver occurred. Accordingly, the parties must participate in arbitration as ordered by the trial court in the decretal portion of the order on appeal.

BACKGROUND
Appellee, Todd Cowen, was a unionized police officer with the JSO. In January *505 2004, the JSO arrested Cowen and charged him with the felony offense of official misconduct by a public servant and the misdemeanor offense of compounding a felony. Almost immediately, the undersheriff directed to Cowen a "Notice of Immediate Suspension Without Pay/Termination to Follow." This document apprised Cowen of his immediate suspension in light of the charges against him and informed him of his rights to appeal the disciplinary action to the Civil Service Board. The notice did not, however, terminate Cowen's employment with JSO, and the body of the text did not forebode any particular disciplinary action aside from suspension.
Cowen, through counsel, informed the Civil Service Board that he elected to appeal his suspension to that Board. Shortly afterward, however, Cowen notified the Board that he would waive his right to a speedy hearing and requested the Board to postpone the case due to the pendency of the criminal charges. The rules, governing the Jacksonville Civil Service Board required one suspended without pay to notify the Board within ten days if criminal charges were dismissed. See City of Jacksonville Civ. Serv. & Pers. R. 9.05(4), (6)(b). Presumably, Cowen proceeded to prepare his defense against the pending criminal charges.
By letter of June 14, 2004, some five months after the suspension, the JSO notified Cowen that, although it was continuing to investigate serious allegations, the sheriff had decided to cancel the suspension without pay. In lieu of that suspension, the JSO assigned Cowen to desk duty, conditioned upon his not working in uniform or exercising any police powers. Cowen immediately resumed employment with the JSO.
In October 2005, the State dismissed the criminal charges against Cowen. The JSO nevertheless continued its inquiry into certain allegations. As a result of that investigation, JSO's internal affairs unit issued an undated report summarizing its own investigation into Cowen's alleged misconduct. The report, which noted suspicion that Cowen untruthfully responded to some questions put to him, by investigators, recommended that three charges for professional misconduct should be sustained. These charges differed slightly from the charges contained in the January 2004 suspension notice.
The events that followed the JSO internal investigation report have become critical to the outcome of this case. On April 5, 2006, the undersheriff approved the disciplinary charges reflected in the internal affairs investigation and, on April 21, sent Cowen a letter informing him of the agency's decision to convene a disciplinary review board that would Conduct a hearing and issue recommendations regarding Cowen's continued employment. The undersheriff, however, withdrew that letter shortly thereafter by way of a second document telling Cowen he could not be disciplined twice for the same conduct and suggesting that the agency would proceed with the disciplinary process that began with Cowen's suspension in January 2004.
The JSO then requested that the Civil Service Board dismiss Cowen's appeal of the January 2004 suspension on the ground that Cowen failed, under Civil Service Rules, to timely notify the Board of the dismissal of criminal charges. Within days, Cowen's legal counsel wrote the Civil Service Board asking to "withdraw the previously submitted request for hearing . . . on behalf of Officer Todd Cowen." The letter went on to note that Cowen had returned to JSO payroll in June 2004 and understood that the JSO "apparently withdrew its intention to terminate Officer Cowen's employment, at least until an investigation *506 could be conducted." The letter observed that the JSO, through the City Attorney, had recently moved the Civil Service Board to dismiss the request for hearing submitted by Cowen in January 2004. Counsel explained that, because Officer Cowen was returned to payroll, and the criminal case ultimately dropped, Cowen "could not have notified the Civil Service Board at such time and requested a hearing since no disciplinary charges were pending against him at the time." The letter concluded with counsel's advice that Cowen would either appeal the present disciplinary actiondismissalor seek arbitration pursuant to the applicable collective bargaining agreement.
The court record contains e-mails between the Civil Service Board, an Assistant City Attorney, and the JSO. In the first e-mail, an executive secretary of the Civil Service Board notified the City Attorney's Office that "per a request and a letter dated May 16, 2006, received via fax May 17, 2006, from Tad Delegal, counsel for Officer Todd Cowen, the Civil Service Board has formally withdrawn Mr. Cowen's request for a hearing." The City Attorney's Office, by a subsequent e-mail, notified JSO that Officer Cowen's appeal to the Civil Service Board "has been dismissed effective as of the present time." The Assistant City Attorney went on to state his opinion that "dismissal of the appeal serves to sustain the disciplinary action taken by JSO in the January 13, 2004, letter. Accordingly, JSO may now proceed to terminate the employment of Officer Cowen per the January 13, 2004, letter." Nothing in the file reveals that the Civil Service Board ever ruled on the JSO's motion to dismiss, alleging Cowen's failure to follow the procedural rules. At oral argument, counsel conceded that no such ruling had been made.
Cowen sought to enter arbitration pursuant to the collective bargaining agreement, but the City refused, taking the position that Cowen had waived his right to arbitration by electing an appeal to the Civil Service Board and then having that appeal dismissed. As a result, Cowen filed suit in the circuit court seeking an order compelling arbitration. The final judgment, now before us, deferred the City's claim of waiver to the arbitration panel, but directed the parties to proceed immediately to arbitration.

ANALYSIS
The applicable provision of, the Florida Statutes provides for an election of remedies for one in Cowen's position:
A career service employee shall have the option of utilizing the civil service appeal procedure, an unfair labor practice procedure, or a grievance procedure . . . but such employee is precluded from availing himself or herself to more than one of these procedures.
§ 447.401, Fla. Stat. (2003).
Similarly, Jacksonville's civil service rules provide:
Once the employee has selected a forum for his/her appeal to, be heard, he/she is bound by that decision and cannot seek to have it reheard in another forum. The election-of-remedies provision in Florida Statutes, section 447.401, is hereby incorporated into these rules and is binding on all employees.
City of Jacksonville Civ. Serv. & Pers. R. 9.05(5).
Based upon these provisions, the JSO, through the City Attorney, has consistently argued that Cowen waived his right to arbitration under the collective bargaining agreement when he sought a Civil Service Board appeal and then withdrew that appeal. Cowen takes the position that beginning *507 in June 2004, when he was restored to limited duty, he had nothing to appeal or contest, and only upon his dismissal in 2006 could he seek review of any action, in any forum. Cowen accurately states in his brief that he "never actively participated in any civil service appeal from the date that he waived his right to an immediate hearing before the Jacksonville Civil Service Board on February 2, 2004. There was nothing to appeal after he was returned to work." (Internal citations to Record on Appeal omitted.) Faced with this point and counter-point, we respectfully conclude that the trial court should have ruled on the question of whether Cowen waived his right to arbitration.
Florida courts have generally echoed the proposition that the court, rather than the arbitrator, determines whether or not a party has waived arbitration. See, e.g., Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999) ("Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute; (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." (emphasis added)); Operis Group, Corp. v. E.I. at Doral, LLC, 32 Fla. L. Weekly D2536, 973 So.2d 485, 2007 WL 3085429 (Fla. 3d DCA Oct. 24, 2007) (same); ARI Mut. Ins. Co. v. Hogen, 734 So.2d 574, 575 (Fla. 3d DCA 1999) ("[W]e reaffirm our long standing position that the question of whether arbitration has been waived is one for the trial court to determine."); cf. Global Travel Mktg., Inc. v. Shea, 908 So.2d 392, 398 (Fla.2005) (applying Seifert analysis to review order on motion to compel arbitration based On contract provision, rather than statute mandating arbitration). In Piercy v. School Board of Washington County, this court distinguished between procedural issues which trial courts properly reserve for arbitratorsthe timeliness of arbitration demands includedand the threshold issue of waiver, which the court itself should decide. 576 So.2d 806, 808 (Fla. 1st DCA 1991) ("A trial court may find waiver to have occurred if, for instance, the party seeking arbitration is actively participating in a lawsuit or taking action inconsistent with the right to arbitration.").
Alderman v. City of Jacksonville, Fire and Rescue Division, 902 So.2d 885 (Fla. 1st DCA 2005), is not to the contrary. Alderman cautions that a trial court should not conflate the questions of timeliness and waiver. 902 So.2d at 887. The Alderman court concluded that questions of timelinessdistinct from those involving waiverwould be decided by an arbitrator rather than a trial court. Id. Because our supreme court in Seifert has treated waiver of the right to arbitration as a threshold issue that the trial court must confront where it is properly raised, the trial court should have reached and decided the issue.
Generally, determination of whether a party has waived the right to arbitrate a dispute involves findings of fact that would be reviewed in this court for support by competent substantial evidence. See, e.g., Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136, 1138 (Fla. 1st DCA 1999). The present order on appeal, however, does not contain any factual findings, nor is it based upon any resolution of disputed facts. The parties have both fully briefed the issue of waiver. Accordingly, we find it appropriate to rule on the question of waiver as a matter of law. See Hogen, 734 So.2d at 575.
Cowen does not dispute that in early 2004 he elected a proceeding before the Civil Service Board. He argues, however, *508 that once the agency returned him to work, the suspension was over and he had nothing to appeal. Although he was made aware of the continuing investigation by JSO, such does, not support a credible argument that a civil service employee has the right to appeal a mere investigation. Indeed, the applicable provisions of Jacksonville's Civil Service Rules conclusively preclude such an argument, authorizing the Civil Service Board to adjudicate grievances and appeals of "disciplinary actions." See City of Jacksonville Civ. Serv. & Pers. R. 9.03(4), 9.06. The rules define "grievance" as "a dispute regarding any action taken in the administration of the [Civil Service Rules] pertaining to any permanent . . . employee's employment or, employment rights." Id. at R. 9.03(1). "Disciplinary actions" include, inter alia, written reprimands, pay reductions, demotions, suspensions without pay, and dismissals; the Board "shall hear and determine appeals initiated by permanent employees who have been disciplined" with such measures. Id. at R. 9.04(5), (6). These rules do not confer upon employees the right to seek Civil Service Board review of mere investigations. Once the JSO canceled Cowen's suspension, even though its investigation continued and Cowen was reassigned to desk duty, he was not working under the shadow of an appealable disciplinary action. JSO has not argued that Cowen's reassignment amounted to a "demotion" that gave him a continuing right of appeal to the Civil Service Board after the JSO canceled his suspension.
With these facts in mind, to characterize Cowen's civil service appeal as merely dormant would be generous. By all appearances, the Civil Service Board proceeding had been non-existent from the time of Cowen's return to duty with JSO. As Cowen's attorney wondered in a written response to JSO's motion to dismiss the 2004 Civil Service Board appeal, how could Cowen have requested a hearing after he both was returned to work and had his criminal charges dismissed, "since no disciplinary charges were pending against him at such time"? We easily see the logic in this position.
We also note that, after June 2004, Cowen was no longer on leave-without-pay status, as announced originally by the undersheriff in January 2004. Instead, he was working for JSO and waiting for JSO to complete its internal investigation. We reject JSO's contention that not only was the civil service appeal fully pending, but that Cowen's violation of the rules led to dismissal of that appeal. First, as noted in the Background statement above, the rule requiring an employee suspended without pay to notify the Board of the disposition of pending criminal charges within ten calendar days applies only to an employee actually suspended without pay. Id. at R. 9.05(4). Under no view of the evidence was Cowen suspended without pay after the JSO reinstated him in June 2004. Also, as we have noted, the Civil Service Board never dismissed Cowen's civil service proceeding pursuant to the City's motion, instead honoring Cowen's own request to withdraw the desiccated civil service appeal.
In this case, Cowen never pursued any remedy with respect to the disciplinary action imposed in May 2006the termination of his employmentother than arbitration, so we need not address whether Cowen's pursuit of the Civil Service Board appeal would have waived his right to arbitrate his eventual termination had the suspension and the termination amounted to a single, continuous disciplinary action spanning some twenty-nine months. We regard the two disciplinary actions as separate, focusing our analysis solely on whether Cowen's expression of his intent *509 to pursue a Civil Service Board appeal of the January 2004 suspension precluded him from challenging his May 2006 termination through arbitration.
The supreme court defines "waiver" as "the voluntary and intentional relinquishment of a known right or conduct which implies [such relinquishment]." Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005). "`The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.'" Id. (quoting Nat'l Found. For Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C.Cir.1987)). The case law supports Cowen's argument that a suspended public employee waives the right to a particular grievance procedure only if the employee actively pursues an alternative remedy "inconsistently with the arbitration right." Id. In Bass v. Department of Transportation, this court interpreted an earlier version of section 447.401 (one which lacked reference to "an unfair labor practice procedure" and which deployed the verb "use" instead of "avail") to mean that "a career service public employee who is also a union member may contest a disciplinary action taken by his or her employer either through the union or by filing a civil service appeal, but may not pursue both avenues for relief." 516 So.2d 972, 973 (Fla. 1st DCA 1987) (emphasis added). In subsequent cases where courts have determined that aggrieved employees waived alternative remedies, those employees pursued initial procedures with far greater intensity, and to far greater avail, than did Cowen in the present case, often actually obtaining unfavorable results in their firstchoice fora before seeking other remedies. See, e.g., Taylor v. Pub. Empls. Rels. Comm'n, 878 So.2d 421, 422 (Fla. 4th DCA 2004) (affirming dismissal of public employee's whistle-blower complaint after employee affirmatively pursued collectivebargaining grievance procedure through three steps); Depaola v. Town of Davie, 872, So.2d 377, 382 (Fla. 4th DCA 2004) (holding, in part, that discharged firefighter did not elect grievance procedure as remedy and thereby waive court action for declaratory and injunctive relief because employer refused to participate in grievance procedure altogether); Hallandale Prof'l Firefighters, Local 2238 v. City of Hallandale, 777 So.2d 435, 435 (Fla. 4th DCA 2001) (holding that union waived right to arbitrate challenge to dismissal of firefighters after appealing dismissals to Florida Public Employee Relations Commission and obtaining adverse result in that forum); Metro. Dade County v. Dade County Ass'n of Firefighters, Local 1403, 575 So.2d 289, 290 (Fla. 3d DCA 1991) (holding that discharged employee waived his right to grievance procedure after civil service appeal proved "unsuccessful"). We interpret these cases to mean that section 447.401 precludes resort to a second method for resolution of a labor dispute where the aggrieved employee has actively and affirmatively labored in the pursuit of a particular remedy with the demonstrable anticipation of achieving a result.
In this case, Cowen elected only the Civil Service Board remedy in response to a suspension, and never thereafter took any affirmative action to pursue the remedy, ultimately withdrawing the appeal voluntarily. We do not regard his post-suspension behavior as inconsistent with his right to arbitration, see Saldukas, 896 So.2d at 711, nor do we find any evidence that he pursued the Civil Service Board appeal to the same extent as did the discharged employees who, through their pursuit of initial remedies, waived alternative options in the cases cited above. Moreover, even if Cowen had pursued the Civil Service Board appeal further, we conclude *510 that his May 2006 termination was a discrete legal event separate from the canceled 2004 suspension, and in determining whether Cowen waived his right to arbitrate the 2006 termination, we find no cases suggesting we must consider Cowen's actions in respect of the 2004 suspension.

CONCLUSION
Cowen's return to duty with the JSO resolved the suspension, leaving nothing pending except the investigation. At the conclusion of the investigation and the issuance of a report leading to his dismissal, Cowen immediately elected arbitration. These uncontested facts, as a matter of law, would not support a finding of waiver. Accordingly, we REVERSE in part and AFFIRM in part, under the rationale expressed in this opinion, and direct the parties to proceed to arbitration.
BROWNING, C.J., and ROBERTS, J., concur.