# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2229
Lower Tribunal No. 19-17725
_____

**City of Miami**,
Appellant,

vs.

**Fraternal Order of Police, Miami Lodge No. 20**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Victoria Méndez, City Attorney and Kerri L. McNulty, Senior Appellate Counsel, and Stephanie K. Panoff, and Bryan E. Capdevila, Assistant City Attorneys, for appellant.

Buschel Gibbons, P.A., and Robert C. Buschel and Eugene G. Gibbons (Fort Lauderdale), for appellee.

Before SCALES, GORDO and BOKOR, JJ.

BOKOR, J.

In the action below, the City of Miami sought a declaration barring the Fraternal Order of Police, Miami Lodge No. 20 (FOP), from arbitrating a grievance based on Adrian Rodriguez's termination as a City of Miami police officer. Both the City and the FOP sought summary judgment. The trial court granted summary judgment in favor of the FOP and against the City, determining that the FOP correctly sought arbitration of its grievance filed on behalf of Rodriguez.[1] Because we find that Rodriguez waived his right to arbitrate and that, alternatively, Rodriguez is collaterally estopped from arbitrating this issue, we reverse.

**FACTS AND PROCEDURAL HISTORY**

Rodriguez, a City of Miami police officer, challenged a prior termination of employment at arbitration. The arbitration resulted in an order reinstating him "with no loss of service credit for the purposes of determination of benefits to which he [was] entitled." The City sought relief from the arbitral award in circuit court. The trial court upheld the arbitration award, and this court affirmed such decision. City of Miami v. Fraternal Ord. of Police Lodge

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).

2

#20, 252 So. 3d 221 (Fla. 3d DCA 2018).  Accordingly, the City reinstated Rodriguez.

Soon after, the City relieved Rodriguez of duty without pay because his Florida Department of Law Enforcement retraining requirement, which required him to submit to drug testing, lapsed during his absence.  Rodriguez didn't submit to drug testing and instead sought relief in circuit court with an "emergency amended motion for order to show cause why the chief of police and city manager should not be held in contempt for failing to follow this court's order," arguing that the City failed to comply with the arbitration order reinstating him.  The trial court denied Rodriguez's motion finding that Rodriguez's placement back on the City's payroll, even though he was not returned to active-duty status, satisfied its obligations pursuant to the arbitration order.  Notably, the trial court did not decide the issue of the propriety of the City's requirement that Rodriguez submit to a drug test, finding that "[t]he purported misconduct upon which the City relies to justify termination of Rodriguez did not occur until after the original arbitration. Thus, the City's actions would, at best, constitute an independent basis for grievance." Rodriguez appealed the trial court's decision to this court, raising extensive argument as to the propriety of the required drug test.  This court issued an opinion which determined, in pertinent part:

Rodriguez interprets the Arbitration Order to mean that there was no break in service, and, as a result, his two-year absence from the force should be considered a continuous employment relieving him of any obligation to comply with FDLE rules regulating reinstatement and recertification. That is not what the order says. It says: "Mr. Rodriguez shall be reinstated forthwith to his position as a police officer with no loss of service credit *for the purposes of determination of benefits* to which he is entitled." Rodriguez's City benefits are thus considered uninterrupted by his two year break in service, but the Arbitration Order says nothing about his FDLE certifications. The record indicates that Rodriquez's FDLE certifications lapsed during his two-year break in service. The City was unable to reinstate Rodriguez to active duty without FDLE approval. **When Rodriguez refused to fulfill the toxicology requirement, the City was within its rights to terminate him under the CBA**.

Fraternal Ord. of Police Lodge #20 v. City of Miami, 276 So. 3d 881, 883–84 (Fla. 3d DCA 2019) (boldface added).

Rodriguez filed a grievance for "improper termination" and "violation of drug policy," which the City denied. Later, the City filed a complaint for declaratory relief seeking clarification on the interpretation of the collective bargaining agreement (CBA) regarding the arbitrability of Rodriguez's grievance, in which the City argued that the filing of the grievance violated the election of remedies provision of the CBA since Rodriguez already raised the pertinent issue of the propriety of the drug test in prior litigation. Rodriguez moved for summary judgment and to compel arbitration and the

4

City filed its cross-motion for summary judgment.  The trial court granted summary judgment in Rodriguez's favor.  This appeal followed.

**ANALYSIS**

"We review a trial court order granting summary judgment de novo." Fernandez v. Cruz, 341 So. 3d 410, 412 (Fla. 3d DCA 2022).  On appeal, the City argues that Rodriguez waived his right to arbitrate because he previously litigated the issues (the propriety of the drug test and his subsequent termination) and further, that the doctrines of res judicata and collateral estoppel bar arbitration.  In response, Rodriguez argues that he could not have elected a remedy by challenging the order for an illegal drug test because, at the time he filed his grievance, he had not yet been terminated.

Preliminarily, section 6.4 of the CBA reads, in pertinent part, "[s]election of redress other than through the Grievance Procedure contained herein shall preclude the aggrieved party or parties from utilizing said Grievance Procedure for adjustment of said grievance."  This provision of the CBA mirrors section 447.401, Florida Statutes, which governs grievance procedures between public employers and bargaining agents and provides, "[a] career service employee shall have the option of utilizing . . . a grievance procedure established under this section, but such employee is

5

precluded from availing himself or herself of more than one of these procedures." § 447.401, Fla. Stat. Therefore, if this court determines that Rodriguez previously elected to pursue a remedy outside of the contractual grievance procedure, both section 6.4 of the CBA as well as section 447.401, Florida Statues would bar arbitration of Rodriguez's grievance.

In considering whether Rodriguez waived his right to arbitrate by pursuing an inconsistent remedy, we first examine whether Rodriguez actively participated in litigation pertaining to the issue underlying the termination.[2] See Sitarik v. JFK Med. Ctr. Ltd. P'ships, 11 So. 3d 973, 974 (Fla. 4th DCA 2009) ("A party who actively participates in the litigation waives its right to compel arbitration. A party's responses to the litigation constitute active participation when they are an attack on the merits.") (citations omitted); see also Green Tree, 15 So. 3d at 687 ("[O]nce a party has waived the right to arbitration by active participation in a lawsuit, the party may not

---

[2] "Generally, whether a party has waived his right to arbitrate is a question of fact, reviewed on appeal for competent, substantial evidence to support the lower court's findings." Green Tree Servicing, LLC v. McLeod, 15 So. 3d 682, 686 (Fla. 2d DCA 2009) (citation omitted); see also City of Jacksonville v. Cowen, 973 So. 2d 503, 507 (Fla. 1st DCA 2007) (same). Here, the record is devoid of factual findings from the trial court. Although the record includes the transcript of the hearing on the cross-motions for summary judgment, the transcript was limited to argument between the parties and contains no findings. Similarly, the final order on appeal contains no factual findings. Where the record does not contain any factual findings, the question of waiver should be ruled on as a matter of law. Cowen, 973 So. 2d at 507.

6

reclaim the arbitration right without the consent of his or her adversary."). Rodriguez sought relief from this court based on his arguments regarding the propriety of the required drug test. This constitutes active participation on the merits, as contemplated by Sitarik. Rodriguez filed his grievance for "improper termination" based on "violation of drug policy," an issue that he not only previously brought before this court, but which resulted in an opinion squarely addressing the issue. Rodriguez's argument that his previous appeal did not challenge any court order recognizing, reviewing, or upholding his new second termination misses the point. He elected to have a court review the very issue he now seeks to present to an arbitrator. This violates not only election of remedies, but also, because this court considered and ruled on the issue, violates principles of res judicata. As such, we find that Rodriguez has waived his right to arbitrate having actively participated in litigation which has already determined the issues contained in the current grievance.

Alternatively, we find that Rodriguez is collaterally estopped from filing a grievance challenging his termination. Collateral estoppel applies when "the question common to both causes of action was actually adjudicated in the prior litigation." Fernandez, 341 So. 3d at 415 (quotation omitted). "The doctrine of collateral estoppel bars relitigation by parties or their privies of

7

issues common both to the present action and to the action previously litigated." United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So. 3d 1101, 1104 (Fla. 3d DCA 2010) (quotation omitted). Here, it is clear that the issue of the propriety of the drug test was litigated in the previous action, and specifically addressed in a prior opinion of this court.

Because we find that Rodriguez has waived his right to arbitrate, and alternatively, that the doctrine of collateral estoppel applies, both section 6.4 of the CBA as well as section 447.401, Florida Statues bar arbitration of Rodriguez's grievance.

Reversed.